## Olney Federal Savings and Loan Association v. Fishman

*Clelland L. Mitchell,* for petitioner.

*Samuel J. Marks,* for defendants.

CARROLL, P. J., November 10, 1958.—This matter arises on the appeal of defendant, George Resnick, from our order of September 22, 1958, fixing the fair value of premises 4022-24-26 West Girard Avenue, Philadelphia, at $29,000, and entering judgment against defendants in favor of plaintiff in the sum of $1,815.49.

The matter came before the court pursuant to a petition brought by plaintiff under the Deficiency Judgments Act of July 16, 1941, P. L. 400, 12 PS §2621.1 et seq. The petition set forth that judgment was entered against defendants on June 10, 1958, upon a bond secured by a mortgage. Plaintiff alleged that the fair market value of the property was $22,000, although it was sold at sheriff's sale to the attorney on the writ representing plaintiff for the sum of $29,000. Damages which were assessed on June 11, 1958, at $29,399.45 come to a total of $29,662.22 when interest is added. In addition plaintiff seeks $1,153.27 paid by it to discharge costs, liens and taxes which had been levied against the property. Plaintiff prayed that this court fix the fair market value at $22,000 and authorize entry of a deficiency judgment in the amount of $8,815.49.

In its answer to the petition, defendant George Resnick admitted the entry of the judgment and the sale as averred by plaintiff. Defendant denied the fair market value was $22,000 but averred to the contrary that it was $45,000 and asked that the value be fixed at a sum adequate to cover any balance of principal, interest and costs in excess of $29,000. An answer was filed by defendant, William H. Fishman, setting forth the same allegations which were contained in the answer of defendant, George Resnick.

The matter came before us for hearing on September 17, 1958. On the basis of the entire record, including the evidence adduced at the hearing, the court fixed the fair value at $29,000 and entered judgment in favor of plaintiff in the sum of $1,815.49, a sum equal to expenditures made by plaintiff to clear prior liens, costs and taxes and municipal claims in the amount of $1,153.27, plus $662.22 representing the deficiency on account of the mortgage default.

Although no requests for findings of fact, conclusions of law or memoranda in support of his position were submitted by defendant, it appears that the basis for the appeal is a dispute over the valuation which was fixed.

At the outset of the hearing, counsel for plaintiff stated that the following itemization in paragraph 6 of his petition set forth costs incurred to acquire title in the foreclosure:

Advertising, $62.20; fees to county, $12.00; commission, $160.00; prothonotary, $7.12; attorney's cost, $13.12; current water and sewer rent, $26.93; Philadelphia transfer tax, $420.00; Pennsylvania transfer tax, $420.00; Federal transfer tax, $31.90. Total, $1,153.27.

Defendant's case was developed entirely by a real estate expert who testified that the building in question was a one-story brick and steel frame motion picture theatre erected on a lot 40′ x 160′. He stated that the basement had a cement floor and a small boiler pit and that the front of the theatre is stainless steel with large plate glass doors and a canopy with fluorescent lights. The theatre has 630 seats and a large screen. He placed his valuation at $45,000.

Upon cross-examination it was developed that the theatre is vacant and that it is not feasible, in view of the economic state of the motion picture industry in Philadelphia, to utilize the structure as a theatre again. The only use suggested by the expert was that of a social organization meeting place, union hall or Negro church.

Under cross-examination defendant's expert not only said that a motion picture operator would not buy or use the building for that purpose, but also admitted that the roof was in deplorable condition and had in fact fallen in with the result that approximately 60 seats or 10 percent of the usable space had been de-

stroyed. He also admitted that the entire neighborhood is composed of three-story houses and that the property next door to this vacant structure sold for $20,000 four years ago. In fact the theatre itself was built on what was originally two three-story row house lots. The only basis for his opinion that the building would be purchased for $45,000 by a social or religious organization was the sale of a three-story building across the street over two years ago to a Negro church for $22,000. No other evidence was presented and defendant rested his case. The court decided that the purchase price of $29,000 in fact represented the fair value of the land and building and that plaintiff was entitled to a deficiency to cover the costs outlined herein.

In Union National Bank of Pittsburgh v. Crump, 349 Pa. 339 (1944), the Supreme Court of Pennsylvania set forth the factors which are to be considered by a court in determining fair value. Among these factors are recent sales in the area, the use to which the property is adapted, the demand for it and similar properties, the economic factors influencing demand, the income produced and generally all other elements which a willing buyer and a willing seller would consider in arriving at a purchase price. See also Bernstein Building and Loan Association v. Freeman, 33 Del. Co. 257 (1946), and Secretary of Banking v. Larsen, 32 Del. Co. 466 (1944). The value to be fixed is the value at the date of the sheriff sale: Smith v. Kirkpatrick, 31 Del. Co. 525 (1943).

The Union National Bank case, supra, unequivocally stands for the proposition that the court is not bound to adopt the opinion of experts in fixing fair value but can evaluate all the testimony on the basis of the whole record.

The valuation figure of $45,000 placed on the property by defendant's expert was in our opinion based

upon speculation and conjecture and not upon any of the valid factors which our Supreme Court has held must be considered in arriving at value. The evidence he presented to justify his valuation was completely inadequate. The fact that an entirely different building was purchased several years prior to the date of the sheriff's sale for $22,000 by a Negro group for church purposes is hardly a springboard to the conclusion that this structure would bring over twice that amount merely because it has more space. When asked by the court if he knew of the possibilities of consummating such a transaction with any of the hypothetical religious or charitable organizations he mentioned, he replied in the negative. Hence, this testimony was of no value to the court in determining the issue.

Under all the circumstances the best evidence before us was the price for which the building was sold, $29,000, and accordingly, since this was the only competent evidence presented, we fixed the value at that price.

There can be no denial of the fact that the judgment was $29,662.22 and that therefore defendant must pay the difference between $29,000, the fair value, and this amount, or a total to plaintiff of $662.22 on account of the deficiency. Nor was there any indication at the hearing that the itemized figures amounting to $1,153.27 were inaccurate or erroneous. The only question raised inferentially in the answer is a denial of liability on account of the Philadelphia transfer tax and Pennsylvania transfer tax amounting to $840, which were prior taxes that had to be paid in order to acquire clear title at the sheriff sale.

It should be noted that no objection to any of these figures was made at the hearing. Moreover, defendant cannot contend that plaintiff has failed to prove these items in view of the fact that the sheriff's records, which are part and parcel of the entire record, clearly

indicate that these amounts were paid necessarily prior to a delivery of clear title.

It is clear from the Mortgage Foreclosure Act itself that the only judgment which can be obtained on foreclosure is for the principal debt plus interest, and that costs incident to delivery of clear title after consummation of the entire transaction are not part of the judgment entered on the mortgage and note.

The legislature has not provided for these costs to be included in the original judgment. To construe the legislation, however, in a way which would penalize the party obtaining the deficiency judgment by refusing to permit that person to collect necessary costs incurred in obtaining clear title from the sheriff would in effect reward the defaulting mortgagor and punish the mortgagee who has abided by its agreement.

Since defendant failed to produce any evidence or to establish error in any of the figures which are part of the sheriff's record, we deem it only just and proper to include this sum as part of the judgment in this matter in which we have also fixed the fair value and assessed the deficiency. To compel plaintiff to go through another proceeding in order to collect these costs to which it is undisputedly entitled would result in a needless multiplicity of suits. That these costs are an obligation of defendant, apart from the Deficiency Judgments Act, is clear under the law of Pennsylvania. See Pflaum v. Workers Savings and Loan Assn., 45 D. & C. 410, and cases cited therein.

Under the bond executed by the parties, William H. Fishman and George Resnick obligated themselves to the Olney Federal Savings and Loan Association in the sum of $170,000 to bind themselves for advances of moneys not to exceed the sum of $85,000.

Hence, apart from the fact that these charges were proper and necessary in order to give clear title, defendants by their own contract personally undertook

to save plaintiff harmless from any loss which might result by virtue of a default in the mortgage, up to the amount of the bond. That there was a default in the mortgage is not in dispute and that these charges were paid by plaintiff as necessary items also cannot be disputed.

It was for these reasons we entered judgment against defendants in the total sum of $1,815.49.

### Final Judgment

September 22, 1958: Judgment entered against defendants in favor of plaintiff in sum of $1,815.49.