528 A.2d 654

**MELLON BANK (EAST) NATIONAL ASSOCIATION, Appellant**

v.

**PENNSYLVANIA RESTAURANT OF A.B.E., INC., and James L. Long and Marilyn J. Long his wife and Daniel Ruotolo and Beverly M. Ruotolo.**

Superior Court of Pennsylvania.

Argued April 30, 1987.

Filed July 10, 1987.

568

Richard H. Martin, Blue Bell, for appellant.

Before OLSZEWSKI, DEL SOLE and HOFFMAN, JJ.

DEL SOLE, Judge:

This is an appeal from a trial court order which established that the fair market value of certain premise was $300,000.00. The trial court order was issued following a hearing and in response to Appellant's petition pursuant to the Deficiency Judgment Act, 42 Pa.C.S. § 8103 *et seq.*

Three issues are raised by Appellant on appeal. We are asked to consider whether there is sufficient evidence to support the trial court' valuation of the premises, whether the court erred in admitting the opinion testimony of real estate broker, John J. Breedy, and whether the court erred in restricting the cross-examination of a party-witness. Because after reviewing the record in light of these questions we perceive no error, we affirm the trial court order.

At the hearing held to receive evidence relative to the fair marked value of the subject premises, Appellant presented one witness, an appraisor, Mr. Moore. Appellees also had an appraisor, Mr. Breedy, testify in addition to Mrs. McGough, the Director of Finance of the Allentown Economic Development Corporation and James Long, a named respondent in the petition. The subject property consisted of real estate upon which was built a structure used in the past as a restaurant, and a parking lot. Mr. Moore, the

appraisor testifying on behalf of Appellant, valued the property at $225,000.00, while Mr. Breedy opined that the fair market value was $300,000.00. Appellant maintains the court erred in accepting Mr. Breedy's valuation since his appraisal was made more remote in time to the hearing than was Mr. Moore's and because he was not as experienced in this area of appraisals as was Mr. Moore.

The weight to be given to expert testimony on valuation of land is for the trier of fact. *Tinicum Real Estate Holding Corp. v. Commonwealth of Pennsylvania Dept. of Transportation*, 480 Pa. 220, 389 A.2d 1034 (1978). It is within the province of the trier of fact to weigh the credibility of valuation witnesses' testimony and to determine the fair value of the land. *Redevelopment Authority of City of Philadelphia v. Cohen*, 31 Pa.Cmwlth. 173, 375 A.2d 881 (1977). Further, the Superior Court must accept findings of the trial court with respect to credibility of witnesses. *Kembel v. Schlegel*, 329 Pa.Super. 159, 478 A.2d 11 (1984).

The trial court herein clearly relied on the testimony of Mr. Breedy in reaching its conclusion as to the value of the premises. The court recognized that Mr. Breedy's appraisal was made three years earlier for the Allentown Economic Development Corporation and noted that Mr. Breedy's opinion as to the value of the property remained unchanged. The court remarked that Mr. Moore's opinion was based on a more recent appraisal, July of 1986, but also noted that the subject property and parking areas far exceeded the lot size and capacity of the comparable sales upon which Mr. Moore relied in rendering his market data approach appraisal. The court also found noteworthy the fact that unlike Mr. Moore's appraisal, Mr. Breedy's appraisal was not made for the benefit of one of the parties. The trial court therefore judged Mr. Breedy's appraisal to be more reliable since it had an "arm's length nature".

We find no fault with the trial court's acceptance of Mr. Breedy's opinion as to valuation, and accordingly, we find

there is sufficient evidence to support the trial court's ruling.

 In a related vein, Appellant argues that the court should not have admitted the testimony of Mr. Breedy since his appraisal of the property was more than three years old. Mr. Breedy's qualifications as an expert were clearly established at the hearing and the fact he had not appraised the instant property in more than three years goes to the weight and credibility of his testimony. These factors, as we have said, were within the province of the trial judge sitting as fact finder and the court's finding will not be disturbed on appeal.

Appellant's final claim concerns the trial court's ruling restricting Appellant's cross-examination of Mr. Long, a party-witness. Appellant had called as its only witness Mr. Moore. Appellees then put forth their evidence which included the testimony of Mr. Long who sought to establish that the nature of the premises had remained unchanged in the past few years. When Appellant sought to cross-examine Mr. Long about a recent offer to purchase the property, Appellees objected. The court ruled that the sought testimony would be relevant, but sustained Appellees' objection because Appellant was attempting to cross-examine Mr. Long on matters not brought forth in the witness' direct examination.

Appellant asserts that it was error for the trial judge to restrict his cross-examination of Mr. Long since Mr. Long was a party in the case. Citing *Greenfield v. City of Philadelphia*, 282 Pa. 344, 127 A. 768 (1925). Appellant relies on the general rule that the restriction of cross-examination of a witness to matters developed during direct examination is inapplicable when the witness is also a party to the case. In *Greenfield v. City of Philadelphia, Id.* the defendant sought to cross-examine plaintiff on matters not brought forth in the witness' direct examination. Under these circumstances a more open cross-examination was permitted. The court reasoned:

To say that a party to litigation may be cross-examined as to all relevant matters follows as a logical conclusion from the fact that if a party has not been called as a witness in his own behalf he may be put upon the stand by his opponent and be compelled to testify as under cross-examination.

*Id.,* 282 Pa. at 349, 350, 127 A. 768.

After examining Appellant's claim in light of the record, we find we do not need to address the question of whether the cross-examination of Mr. Long, a party-witness, was unduly restricted. The testimony Appellant sought to elicit from Mr. Long would have been inadmissible to establish fair market value of the property and, therefore, it was properly excluded. *See: Commonwealth v. Shaw,* 494 Pa. 364, 431 A.2d 897 (1981) (an appellate court may affirm a decision of the trial court if the result is correct on any ground without regard to the grounds upon which the trial court itself relied.)

In the instant case, Appellant wished to present evidence of an offer to purchase the property in an attempt to show that the fair market value was not as high as Appellees' witness, Mr. Breedy, had opined. Counsel for Appellant argued to the court: "If there is a purchaser there, then I believe that your Honor can take notice as to whether that offer is equated to the fair market value or has some relevance to determine the fair market value." N.T. 10–86 at 64.

■ An offer to purchase particular premises may have some evidentiary value at trial, such as to show that the property is desirable and marketable. *Kelly v. Redevelopment Authority of Allegheny County,* 407 Pa. 415, 180 A.2d 39 (1962), *Union National Bank of Pittsburgh v. Crump,* 349 Pa. 339, 37 A.2d 733 (1944). However the amount of the offer to buy cannot be used to show the value of property at issue. *Stine v. Commonwealth of Pennsylvania, Dept. of Transportation,* 26 Pa.Commw.Ct. 292, 364 A.2d 745 (1976); *Commonwealth of Pennsylvania,*

*Dept. of Transportation v. Lutz,* 14 Pa.Commw.Ct. 448, 322 A.2d 800 (1974).

■ Appellant clearly was not intending to show that the property was "desirable" and "marketable" through this line of questioning. It was Appellant's position that the property was worth less than the $300,000.00 figure rendered by Appellees' witness. Appellant sought to have the offer admitted through the testimony of Mr. Long in order to establish evidence of the fair market value of the premises. This line of questioning was properly not permitted. In a situation such as this involving a distress sale, an offer to purchase the property is not appropriate to a determination of the actual value of the property. It is for this reason, we find no error in the trial court's action.

Order affirmed.