667 A.2d 719

The BRYN MAWR TRUST COMPANY, Appellee,

v.

John J. HEALY, Sr., and John J. Healy, Jr., Appellants.

BENEFICIAL SAVINGS BANK, Appellee,

v.

John J. HEALY, Sr., and John J. Healy,
Jr., Appellants (two cases).

Superior Court of Pennsylvania.

Argued Aug. 2, 1995.

Filed Oct. 17, 1995.

Reargument Denied Dec. 22, 1995.

502

Charles B. Dinsmore, New Jersey, for appellants.

Lawrence Woehrle, Philadelphia, for appellees.

Before BECK, SAYLOR and HESTER, JJ.

SAYLOR, Judge:

In these consolidated appeals, Appellants, John J. Healy, Sr. and John J. Healy, Jr., challenge certain orders of the Court of Common Pleas of Delaware County denying their petitions to mark judgments as satisfied and granting Appellees' petitions to fix fair market value pursuant to the Deficiency Judgment Act. We affirm.

On July 18, 1991, Appellee, Beneficial Savings Bank ("Beneficial"), obtained a default judgment against Appellants in the amount of $215,198.09. This judgment created a lien on

Appellants' property located at 115 North Eagle Road, Havertown, Pennsylvania (the "Eagle Road property"). On October 8, 1991, Appellee, The Bryn Mawr Trust Company ("Bryn Mawr"), obtained a default judgment against Appellants in the amount of $98,676.85. This judgment created a lien on Appellants' property located at 214 East Benedict Avenue, Havertown, Pennsylvania (the "Benedict Avenue property"). The Eagle Road and Benedict Avenue properties were sold to Beneficial and Bryn Mawr, respectively, at sheriff's sale on May 21, 1993.

Sheriff's deeds to both properties were signed by the sheriff of Delaware County on August 17, 1993, and were subsequently delivered by the sheriff to the Delaware County Office of the Recorder of Deeds for recording on August 25, 1993. On February 24, 1994, Beneficial and Bryn Mawr filed separate petitions to fix the fair market value of the respective properties and for the entry of deficiency judgments pursuant to the Deficiency Judgment Act, 42 Pa.C.S.A. § 8103 ("the Act"). On March 25, 1994, Appellants filed petitions to mark the judgments against them as satisfied alleging that the banks, as judgment creditors, had failed to file their petitions to fix fair market value within the six month period allowed by the Act.

On June 13, 1994, a joint hearing was held on the four petitions. Thereafter, the trial court denied Appellants' petitions to mark the judgments satisfied and subsequently determined that Appellants' obligation to Beneficial totaled $268,703.53,[1] fixed the "as is" fair market value of the Eagle Road property at $168,000, and entered a deficiency judgment for Beneficial and against Appellants in the amount of $100,703.53. Also, the trial court determined that Appellants' obligation to Bryn Mawr totaled $204,659.05,[2] fixed the fair market value of the Benedict Avenue property at $106,500, and entered a deficiency judgment for Bryn Mawr and against Appellants in

1. This sum included the amount of the default judgment, interest, and costs.

2. This sum included the amount of the default judgment, interest, costs, and two prior mortgages.

the amount of $98,159.05. Appellants filed appeals from these various orders which were consolidated by stipulation.

On appeal, Appellants contend that the trial court erred in: (1) finding that under the terms of the Deficiency Judgment Act, Appellants were not entitled to have the judgments marked satisfied since Beneficial and Bryn Mawr failed to file their petitions to fix the fair market value within six months of the date of sale; and (2) relying solely upon the sale price of the Eagle Road property to determine fair market value and failing to consider the testimony of Appellants' expert appraiser.[3]

█ When reviewing deficiency judgment proceedings, an appellate court is limited to determining whether "there is sufficient evidence to sustain the holding of the trial court, or whether the court committed reversible error of law." *Fidelity Bank, N.A. v. John T. Bourger,* 444 Pa.Super. 52, 55, 663 A.2d 213, 214 (1995), quoting *Commonwealth Bank & Trust Co. v. Hemsley,* 395 Pa.Super. 447, 451, 577 A.2d 627, 629 (1990) (citations omitted).

█ Appellants first contend that the judgments should have been marked as satisfied by the trial court because Appellees did not file their petitions to fix the fair market value within six months of the date of sale. The Act provides, in pertinent part, as follows:

(a) General rule.—Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court having jurisdiction to fix the fair market value of the real property sold. The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered.

. . . . . .

**3.** Appellants do not challenge the trial court's determination of the fair market value of the Benedict Avenue property.

(d) Action in absence of petition.—If the judgment creditor shall fail to present a petition to fix the fair market value of the real property sold within the time after the sale of such real property provided by section 5522 (relating to six months limitation), the debtor, obligor, guarantor or any other person liable directly or indirectly to the judgment creditor for the payment of the debt, or any person interested in any real estate which would, except for the provisions of this section, be bound by the judgment, may file a petition, as a supplementary proceeding in the matter in which the judgment was entered, in the court having jurisdiction, setting forth the fact of the sale, and that no petition has been filed within the time limited by statute after the sale to fix the fair market value of the property sold, whereupon the court, after notice as prescribed by general rule, and being satisfied of such facts, shall direct the clerk to mark the judgment satisfied, released and discharged.

42 Pa.C.S.A. §§ 8103(a), (d). A petition for the establishment of a deficiency judgment following sale of the collateral of the debtor pursuant to the provisions of the Act must be filed within six months. 42 Pa.C.S.A. § 5522(b)(2). There is a conclusive presumption, as a matter of law, that a judgment is satisfied if a judgment creditor fails to proceed under the Act within the time mandated by statute. *Fidelity Bank, N.A. v. John T. Bourger, supra,* citing *Reliable Savings & Loan Ass'n of Bridgeville v. Joyce,* 385 Pa.Super. 536, 561 A.2d 804 (1989).

█ Appellants argue that the date of sale under the Act occurred when the deed was signed by the sheriff on August 17, 1993, rather than the date on which the deed was recorded, August 25, 1993. The date of sale for purposes of the six-month statute of limitations is the date of delivery of the sheriff's deed, rather than the date of the execution sale. *Fidelity Bank, N.A. v. John T. Bourger, supra,* citing *Marx Realty & Improvement Co. v. Boulevard Center, Inc.,* 398 Pa. 1, 156 A.2d 827, 830 (1959). Thus, "[t]he six month period begins from the date the sheriff's deed is executed and delivered to the successful bidder." *Valley Trust Co. of Palmyra v. Lapitsky,* 339 Pa.Super. 177, 181, 488 A.2d 608,

611 (1985), quoting *Shrawder v. Quiggle*, 256 Pa.Super. 303, 308, 389 A.2d 1135, 1137 (1978), citing *Marx, supra.*

In *Marx*, our Supreme Court explained the rationale for this rule:

Since the Act requires giving credit on the judgment to the extent of the fair value, no bidder has anything from which to give credit until he gets title, and hence no sale to him can be said to have taken place until a deed is delivered.

*Id.*, 398 Pa. at 6, 156 A.2d at 830.[4]

In *Reliable Savings and Loan v. Joyce*, 385 Pa.Super. 536, 561 A.2d 804 (1989), the Superior Court found that the time for filing the petition to establish the deficiency judgment began to run when the sheriff's deed was delivered to the judgment creditor's assignee, which was the date on which the deed was recorded.

Here, the real estate administrator of the Delaware County Sheriff's Office testified regarding the customary procedure for "delivering" deeds in Delaware County. The administrator stated that once the deed is filled out and signed by the sheriff, the deed is taken to the county's Office of Judicial Support for an additional signature. Subsequently, the fully executed deed is returned to the sheriff's office and delivered to the recorder of deeds for recording. The administrator further testified that the deeds in this case had been delivered to the recorder's office on August 25, 1993, the date on which the deeds were recorded. There is no evidence that the judgment creditors had any control over this process or in any way delayed in obtaining delivery of the deeds. Under these facts, we agree with the trial court that delivery of the deeds for the purpose of commencing the applicable six month limitation period under the Act occurred when the deeds were recorded in the Delaware County Office of the Recorder of

4. The court in *Marx* concluded that the deed was delivered on January 13, 1956, the date that it was signed by the sheriff. However, the date on which the deed was signed and the date of recording (January 25, 1956) were both within the applicable six month period, and the *Marx* court did not hold that delivery under the Act in all cases occurs when a deed is signed by a sheriff.

Deeds, namely, August 25, 1993. Since Beneficial and Bryn Mawr filed their petitions to fix the fair market value on February 24, 1994, within six months from the date of recording, Appellants' petitions to mark the judgments satisfied were properly denied.

In their second issue, Appellants contend that the trial court erred in determining the fair market value of the Eagle Road property. If the value of realty purchased in execution proceedings is insufficient to satisfy the outstanding obligation of the debtor, the Act permits a judgment creditor to pursue any deficiency in order to satisfy the amount of the judgment, plus costs and interest. 42 Pa.C.S.A. § 8103. The fair market value of land refers to the price a purchaser, who is willing but not obligated to buy, would pay an owner, who is willing but not obligated to sell. *First Pa. Bank, N.A. v. Peace Valley Lakeside*, 329 Pa.Super. 218, 478 A.2d 42 (1984). A professional appraisal is not required in order to determine fair market value, and although evidence of fair market value may be obtained through expert testimony, such testimony is not the exclusive method of establishing value. *National Council of Junior Order of United American Mechanics v. Zytnick*, 221 Pa.Super. 391, 293 A.2d 112 (1972). The trier of fact weighs the credibility of an expert witness' testimony regarding valuation. *Mellon Bank v. Restaurant of A.B.E.*, 364 Pa.Super. 567, 528 A.2d 654 (1987). An appellate court must accept the credibility determinations of the trial court with respect to the credibility of witnesses. *Id.*

At the hearing on this matter, the parties stipulated that Beneficial's vice president, who was not an expert appraiser, would testify that Beneficial received two offers of $175,000 for the Eagle Road property after the execution sale, that Beneficial entered into an agreement of sale for the property for $175,000, and that Beneficial ultimately sold the subject property for $168,000.[5] Appellants proffered expert testimony regarding fair market value from a professional appraiser. However, the trial court found, as was its prerogative, that the

5. At closing the purchase price was reduced by $7,000 because of the presence of urea formaldehyde insulation.

"comparable" properties used by Appellants' expert appraiser were not, in fact, comparable to the Eagle Road property, and thus determined that the fair market value of the Eagle Road property was $168,000, the price at which the property was conveyed.[6] Since the evidence was sufficient to support the trial court's determination of fair market value, Appellants' claim is without merit.

Orders affirmed.

---

**6.** Appellants' expert appraiser also testified that he was unaware of any facts indicating that the purchasers of the Eagle Road property were compelled to buy such property, or that Beneficial was obligated to sell the subject property.