# Alliance Bank v. Attractive Prop., LLC

*Kenneth Martin Kapner*, for appellant
*Elliot H. Berton*, for appellee

CEISLER, *J.*, July 31, 2013—

## I. PROCEDURAL HISTORY & FACTS

The instant appeal, filed by Attractive Properties LLC and Kenneth M. Kapner, is from an order entered by this court on May 29, 2013 establishing the fair market value of 1514 Taney Street in Philadelphia as $20,503.23.

On December 30, 2011, plaintiff Alliance Bank (hereinafter "petitioner") filed a mortgage foreclosure action against Attractive Properties LLC and 1514 Taney Street, LLC (hereinafter "respondents") requesting $48,978.60 in damages. Complaint at ¶12. On April 3, 2012, after respondents did not file an answer to the complaint, petitioner entered a praecipe for default judgment in the same amount. On May 10, 2012, in order to satisfy the judgment entered against respondents, petitioner filed a praecipe for writ of execution. The writ directed the Sheriff's Office to levy upon and sell a property owned by respondents at 1514 South Taney Street, Philadelphia, PA 19146 (hereinafter "subject property"). Praecipe for Writ of Execution at 3. The subject property was subsequently

sold to petitioner at sheriff's sale on August 7, 2012.[1] N.O.T. 5/23/13 at page 46.

On February 12, 2013, petitioner filed a petition to establish the fair market value of real estate pursuant to Pa.R.C.P. No. 3281 (hereinafter "petition to establish fair market value"). The petition requested that the fair market value of the subject property be fixed at $20,503.23. Petition to establish the fair market value at ¶12.

On March 25, 2013, Mr. Kenneth M. Kapner (hereinafter "intervenor"), intervening on behalf of respondents, filed an answer to the petition to establish the fair market value of real estate pursuant to Pa.R.C.P. No. 3281 (hereinafter "answer").[2] The answer asserted that the actual fair market value of the subject property was $52,400.00, using an assessment of the subject property from the Philadelphia Actual Value Initiative (AVI)[3] to support their argument. Answer at ¶9

On May 29, 2013, this court held a full hearing on the petition to establish fair market value. At this hearing petitioner called as a witness an independent appraiser

1. After there were no bidders at the sheriff's sale, Petitioner bought the property for $4,159.12, which is only the costs charged by the sheriff. N.O.T. 5/23/13 at page 47.

2. The answer also included a petition of Mr. Kenneth M. Kapner, individually, as a former member of Attractive Properties, LLC, to intervene. Mr. Kapner stated that he was a former member of Attractive Properties, LLC, who was the guarantor of the initial loan agreement between petitioner and respondents. Answer at ¶13-20. At the May 29, 2013 hearing on the matter, both parties consented to Mr. Kapner's intervention. N.O.T. 5/23/13 at page 41-45.

3. AVI is a program for the assessment of all real property-land and buildings-in Philadelphia, effective tax year 2014, at their current market value. The AVI program is part of Philadelphia's Office of Property Assessment (OPA). More information is available at: http://www.phila.gov/OPA/Assessments/Pages/HowOPAAssessessProperty.aspx.

who evaluated the subject property on April 15, 2013. N.O.T. 5/23/13 at pages 18-34. The appraiser testified that he valued subject property at $9,000 because he observed extensive internal and external damage.[4] *Id.* at 30. In reaching this figure, he referenced five comparable properties within one block of the subject property, all of which were in average condition. The highest sale price for which any of these properties was $24,000. *Id.* at 25. He testified that all of these properties were in better condition than the subject property. *Id.* Petitioner also presented the testimony of the loan servicing manager who was familiar with the property in question. N.O.T. 5/23/13 at pages 38-53. The loan servicing manager testified that, when driving by the Taney Street property four to five weeks after the August 7, 2012 sheriff's sale, she observed evidence of significant external damage to the property. *Id.* at 51.

Intervenor, testifying for respondents, stated that he last visited the subject property in 2010. N.O.T. 5/23/13 at page 58. He stated that the property was abandoned at that time but was not in a state of disrepair. *Id.* Respondents maintained that the April 15, 2013 appraisal could not accurately indicate the fair market value of the subject property at the time of the August 7, 2012 sheriff's sale. *Id.* at 64. They further argued that the current condition of the subject property was directly attributable to petitioner's

---

4. The appraiser referred to subject property as a "shell", further explaining that "there was no mechanical systems that were operable in the property. In this case there was no heating system, heating furnace or boiler at all." N.O.T. 5/23/13 at page 27. The appraiser testified that at some point before his April 15, 2013 appraisal, subject property had become a crack house. *Id.* at page 21.

failure to mitigate damages after the sheriff's sale. *Id.*

Following this hearing, this court determined that the fair market value of the subject property was $20,503.23, issuing an order to that effect on May 29, 2013.

On July 1, 2013, Attractive Properties, LLC and intervenor appealed this court's decision. The following is appellants' statement of errors reproduced, *verbatim*, herein:

1. The Honorable Trial Court erred in granting Plaintiff, Alliance Bank's Petition to Establish Fair Market Value of Real Estate, and we further aver as follows:

a. The Trial Court did not grant intervenor/defendant's request to dismiss the petition, filed without evidence to support the alleged fair market value in the pleading or otherwise;

b. The Trial Court abused its discretion in allowing, over objection, introduction of plaintiff's *post hoc* fair market value appraisal and testimony of the appraiser when the appraisal was performed after the plaintiff's petition was filed and only possible when the Court granted a 30 day continuance allegedly for an illness of a bank witness, which assertions resulted in counsel's limited agreement, but without agreement for *post hoc* introduction of disputed evidence; and

c. The Trial Court abused its discretion in not adopting the City of Philadelphia's appraised value of the property in question over plaintiff's asserted value.

6

2. The Honorable Trial Court committed an error of law and/or abused its discretion when it rejected intervenor/defendant's asserted defense, and did not consider in its assessment of the value, plaintiff's having caused any alleged diminished value from plaintiff's failure to mitigate damages.

3. The Honorable Trial Court's order of assessed value was not supported by substantial evidence of record.

As the intervenor/defendant raised certain legal and factual issues at the hearing, and as we are awaiting the trial transcript, and as the Honorable Trial Court granted plaintiff's requested relief with an order that did not identify the bases, intervenor/defendant cannot assert errors in greater particularity, which will become clearer once this Honorable Court issues its Opinion in Support of Order pursuant to Pa.R.A.P. 1925(a).

## II. DISCUSSION

This court respectfully requests that the instant appeal be denied for the following reasons:

1. This court's decision to establish the fair market value of subject property at $20,503.23 is supported by substantial evidence.

2. This court's decision to establish the fair market value of subject property at $20,503.23 was not based on the current damaged condition of subject property; Thus, any failure on the part of petitioner to mitigate damages was wholly irrelevant to this court's findings.

This court's decision to establish the fair market value of the subject property as $20,503.23 came after a hearing conducted in accordance with 42 Pa.C.S. §8103. Whenever any real property is sold to a judgment creditor in execution proceedings, and the sale price in insufficient to satisfy the amount of the judgment, the judgment creditor "shall petition the court to fix the fair market value of the real property sold" 42 Pa.C.S. §8103(a). If an answer to this petition is filed asserting that the fair market value is more than the value stated in the petition, "the Court shall hear evidence of and determine and fix the fair market value of the property sold." 42 Pa.C.S. §8103(c)(4).

When determining the fair market value of a property, a trial court is afforded substantial discretion in weighing the available evidence. *Walnut St. Federal Sav. And Loan Ass'n v. Bernstein*, 147 A.2d 359 (Pa. 1959). Courts may hear evidence from property owners, expert witnesses, or persons with knowledge and experience qualifying them to form a reasonably intelligent judgment as to the value of a property. *Id.* at 361. In addition, courts generally consider "recent sales of reality of comparable location and description." *Confederation Life Ins. Co. v. Morrisville Properties, L.P. and Site Development, Inc.*, 715 A.2d 1147 (Pa. Super. 1998) (*quoting Union Nat'l Bank of Pittsburgh v. Crump*, 37 A.2d 733, 735 (Pa. 1944)). Appellate review of a petition to fix fair market value is limited to deciding whether or not there is sufficient evidence to sustain the holding of the lower court, or whether the lower court committed a reversible error of law. *Bernstein*, 147 A.2d at 361; *Shrawder v. Quiggle*, 389 A.2d 1135 (Pa. Super. Ct. 1978). Additionally, an appellate court must accept the

credibility determinations of the trial court with respect to the credibility of witnesses. *Confederation Life Ins. Co*, 715 A.2d at 1154 (*citing Bryn Mawr Trust Co. v. Healy*, 667 A.2d 719, 723 (Pa. Super. Ct. 1995)).

In the instant matter, the evidence presented at the hearing on the petition to establish fair market value explicitly supported this court's decision to fix the fair market value of the subject property at $20,503.23. This court's finding is clearly supported by the sale prices of nearby comparable properties. For five nearby comparable properties, all in average condition, the highest sale price listed was $24,000. Given the current condition of subject property, this court's fixing its fair market value comparably to properties in average condition is more than fair to respondents. Respondents presented no evidence that subject property was ever in above average condition. The last time intervenor even visited subject property was in the year 2010, and he testified that the property had already been abandoned at that time. N.O.T. 5/23/13 at page 58. By the time petitioner's loan servicing manager visited the property roughly one month after the sheriff's sale, the back door had been kicked in and the outside of the property was already in disarray. *Id.* at 51.

Appellants' request that the fair market value of subject property be fixed at $52,400.00 is based on a less reliable estimate from the City of Philadelphia's Actual Value Initiative (AVI). The independent appraiser testified that the AVI assessments often exceed the fair market values of properties, and that the entire system carries a high risk of inaccurately assessing individual properties. N.O.T.

5/23/13 at pages 32-33. Instead of relying solely on a potentially undependable AVI calculation, this court based its findings on the more credible and targeted assessment of the subject property that conducted by the independent appraiser. For the aforementioned reasons, this court's decision to fix the fair market value at $20,503.23 is supported by substantial evidence.

Lastly, appellants' argument that this court erred in not considering the petitioner's failure to mitigate damages to subject property is without merit. In fact, the fair market value requested by petitioner and fixed by this court specifically disregards subject property's current state of disrepair. The value of $20,503.23 requested by petitioner is based on comparable properties of average condition, and thus ignores subject property's current condition. Because petitioner's request that the value be fixed at $20,503.23 is not based on subject property's current condition, the request represents more than double the $9,000 value set by the appraiser on April 15, 2013. *See Id.* at 26-34 (independent appraiser discussing his evaluation of the subject property).

Assuming, *arguendo*, that the subject property was in average condition immediately after the sheriff's sale, its fair market value would not have exceeded the value set by this court. It is true that ambiguity exists as to exactly when subject property fell into its current state of disrepair; nonetheless, the fair market value fixed by this court resolves that ambiguity in appellants' favor by treating the property as if it were in average condition. As such, any unmitigated damages to subject property

were wholly irrelevant to this court's determination of fair market value.

## III. CONCLUSION

For the aforementioned reasons, this court respectfully requests that the instant appeal be denied.