J-S70036-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SANDERMAN FAMILY TRUST | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LAUREL SWORD COMPANY AND | : | |
| PATRICK W. FORNEY | : | |
| | : | |
| APPEAL OF: PATRICK W. FORNEY | : | No. 1250 EDA 2014 |

Appeal from the Judgment Entered June 18, 2014,
in the Court of Common Pleas of Monroe County,
Civil Division at No(s): 6885 CV 2008

| | | |
|---|---|---|
| SANDERMAN FAMILY TRUST, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| LAUREL SWORD COMPANY AND | : | |
| PATRICK W. FORNEY, | : | |
| | : | |
| Appellees | : | No. 1293 EDA 2014 |

Appeal from the Judgment Entered June 18, 2014,
in the Court of Common Pleas of Monroe County,
Civil Division at No(s): 6885-CV-2008

BEFORE: LAZARUS, MUNDY, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED DECEMBER 02, 2014**

Patrick W. Forney (Forney) and Sanderman Family Trust (SFT) cross-appeal from a judgment entered on June 18, 2014. We affirm.

The trial court summarized the background underlying this matter as follows.[1]

---

[1] We have reorganized the trial court's findings of facts into paragraphs.

* Retired Senior Judge assigned to the Superior Court.

[Forney] and Laurel Sword Company [(LSC)],[2] a Pennsylvania Limited Partnership of East Stroudsburg, Pennsylvania, received a loan on July 1, 2006 in the amount of $309,138 from [SFT] of Yonkers, New York, secured by a loan agreement, mortgage and note. The loan was payable in full on September 30, 2007, or upon the sale of the premises secured by the mortgage, whichever first occurred. … The mortgagors defaulted on their obligations under the financing documents when they failed to repay the loan plus interest on September 30, 2007. [SFT] confessed judgment on the mortgage note in [the lower] court on July 23, 2008 in the amount of $402,497.68. …

A writ of execution issued on the judgment on February 23, 2009 and a levy was made on the mortgaged property. On January 26, 2012, the mortgaged property was sold at sheriff's sale to [SFT].

On August 10, 2012, [SFT] filed a Petition for Deficiency Judgment pursuant to 42 Pa.C.S.[] § 8103, contending that the balance owed on the mortgage note was $423,876.73 plus costs and interest, and that the fair market value of the encumbered property was $370,000. [Defendants] filed an answer to the petition on July 10, 2013, contending that the fair market value of the property was $720,000.

A [trial] was scheduled on the petition for August 21, 2013, and after a motion for continuance, was rescheduled for October 22, 2013. At the [trial], Joseph C. Fisher was called as [SFT's] expert to establish the property's fair market value. Thomas G. McKeown was called as [Defendant's] expert to establish fair market value. …

Trial Court Opinion and Order, 1/3/2014,[3] at 1-2.

_____

[2] We will refer to Forney and LSC collectively as "Defendants."

[3] The court's opinion and order were entered on the docket on January 2, 2014, but were not served until January 3, 2014. We, therefore, must consider the date of the entry of the opinion and order to be January 3, 2014. Pa.R.A.P. 108(a)(1).

On January 3, 2014, the trial court entered an order fixing the fair market value of the property at $492,968. Defendants and SFT timely filed post-trial motions.[4] The trial court denied the parties' post-trial motions on March 19, 2014. On April 16, 2014, Forney filed a notice of appeal, and SFT filed a notice of appeal on April 23, 2014. On June 18, 2014, Defendants filed a praecipe for entry of judgment, and judgment was entered that day. Thus, the appeals are ripe for our review.

In the trial court's opinion in support of its decision to deny the parties' post-trial motions, the court stated that it fixed the fair market value of the property at $492,968 based upon its credibility determinations regarding the parties' expert witnesses. Trial Court Opinion, 3/19/2014, at 1. A close reading of the argument Forney presents to this Court[5] and of Defendants' post-trial motion reveals that Forney seeks little more than a review of the trial court's credibility determinations and of the weight the court assigned to the parties' expert testimony. *See*, *e.g.*, Defendants' Post-Trial Motion, 1/13/2014, at ¶1 ("As a matter of fact and law the [c]ourt should have relied on the appraisal of Thomas G. McKeown and determined the value at $720,000.00."); *id.* at ¶4 ("The Burden of Proof being on [SFT], the [c]ourt erred in giving any credence to the Fisher appraisal ….").

---

[4] The trial to determine fair market value is heard by a judge in accordance with Pa.R.C.P. 1038. *See* Pa.R.C.P. 3285.

[5] In his brief to this Court, Forney presents three issues in his "Statement of Questions Involved" but only offers one argument in support of those issues, in violation of Pa.R.A.P. 2119(a).

SFT frames its appellate issue by claiming that the fair market value the court assigned to the property "is not supported by competent evidence." SFT's Brief at 4. Yet, SFT's "Statement of Both the Scope of Review and Standard of Review" suggests that SFT is claiming that the record lacks sufficient evidence to support the court's order. *See id.* at 3 ("The scope of review in a deficiency judgment proceeding is limited to assessing whether sufficient evidence exists to sustain the lower court's order, or whether the lower court committed a reversible error of law."). Then, in the Argument portion of its brief, SFT asserts that the trial court's findings are contrary to the weight of the evidence. *See id.* at 13 ("Instantly, the lower court's findings are not consistent with the weight of the evidence for the reasons that follow.").

We conclude that, like Forney, SFT merely seeks this Court's review of the trial court's credibility determinations and to have this Court reweigh the evidence presented at trial. *See*, *e.g.*, SFT's Post-Trial Motion, 1/22/2014, at ¶1 ("The [c]ourt erred in not accepting the appraisal of Joseph Fisher …."); *id.* at ¶4 ("The [c]ourt erred by giving credence to the McKeown appraisal ….").

It is well settled that

> [t]he weight to be given to expert testimony on valuation of land is for the trier of fact. It is within the province of the trier of fact to weigh the credibility of valuation witnesses' testimony and to determine the fair value of the land. Further, the Superior Court must accept findings of the trial court with respect to credibility of witnesses.

***Mellon Bank (East) Nat. Ass'n v. Pennsylvania Restaurant of A.B.E., Inc.***, 528 A.2d 654, 655 (Pa. Super. 1987) (citations omitted).

Because we must accept the trial court's credibility determinations and, absent an abuse of discretion, the weight the trial court assigned to the experts' testimony, the parties' arguments to this Court warrant no relief. Accordingly, we affirm the judgment.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/2014