J-S51015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DEVON SERVICE, LLC, SUCCESSOR BY ASSIGNMENT TO CUSTOMERS BANK F/K/A NEW CENTURY BANK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID HANLY, SR. AND EVELYN HANLY | |
| Appellants | No. 50 EDA 2016 |

Appeal from the Judgment Entered January 22, 2016
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 2013-11554

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 22, 2016**

Appellants, David Hanly, Sr. and Evelyn Hanly, appeal from the judgment entered in the Delaware County Court of Common Pleas, in favor of Appellee, Devon Service, LLC ("Devon Service"), successor by assignment to Customers Bank f/k/a New Century Bank ("Customers Bank"), in this action to fix the fair market value of real property pursuant to the Deficiency Judgment Act.  We affirm.

The relevant facts and procedural history of this case are as follows. On November 21, 2013, Customers Bank filed a complaint against Appellants seeking judgment in mortgage foreclosure of real property located at 829 MacDade Boulevard, Collingdale, Pennsylvania ("MacDade

_____

*Retired Senior Judge assigned to the Superior Court.

property").[1]  On April 16, 2015, the parties entered a stipulation consenting to entry of judgment in mortgage foreclosure on the MacDade property in the amount of $337,732.79; and for issuance of a writ of execution for sheriff's sale.  On September 18, 2015, Devon Service (the successor by assignment to Customers Bank) purchased the MacDade property at a sheriff's sale for one dollar.

On October 23, 2015, Devon Service filed a petition to fix the fair market value of the MacDade property pursuant to the Deficiency Judgment Act.[2]  Devon Service claimed the fair market value of the MacDade property was $275,000.00 based on an appraisal report issued by Benchmark Appraisal Group.  Appellants responded on November 10, 2015, alleging the combined fair market value of the Collingdale property and the MacDade property was $750,000.00.  The court held a hearing on the petition on November 30, 2015.  On December 4, 2015, the court fixed the fair market value of the MacDade property at $275,000.00.  Appellants timely filed post-

---

[1] Customers Bank filed a separate complaint against Appellants seeking judgment in mortgage foreclosure of real property located at 213 Collingdale Avenue, Collingdale, Pennsylvania ("Collingdale property").  The Collingdale property is the subject of a separate appeal at docket No. 65 EDA 2016.

[2] *See* 42 Pa.C.S.A. § 8103(a) (stating whenever real property is sold to judgment creditor in execution proceedings and price for which such property has been sold is not sufficient to satisfy amount of judgment, interest and costs and judgment creditor seeks to collect balance due on said judgment, interest and costs, judgment creditor shall petition court to fix fair market value of real property sold).

trial motions on December 11, 2015, which the court denied on December 22, 2015. On December 29, 2015, Appellants filed a premature notice of appeal. Devon Service subsequently filed a *praecipe* to enter judgment on the verdict and to assess damages, which the court entered on January 22, 2016.[3] The court did not order Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellants filed none.

Appellants raise one issue for our review:

> DID THE TRIAL COURT HAVE SUFFICIENT EVIDENCE TO SUSTAIN ITS DETERMINATION THAT THE FAIR MARKET VALUE OF THE REAL PROPERTY LOCATED AT 829 MACDADE BOULEVARD, COLLINGDALE, PENNSYLVANIA, WAS TWO HUNDRED AND SEVENTY-FIVE THOUSAND DOLLARS ($275,000.00) WHEN APPELLANTS SUBMITTED TWO (2) AGREEMENTS OF SALE AND TESTIMONY FROM A WILLING PURCHASER ESTABLISHING THE FAIR MARKET VALUE OF THE SUBJECT PREMISES FOR A COMBINED PURCHASE PRICE OF SEVEN HUNDRED AND FIFTY THOUSAND DOLLARS ($750,000.00)?

---

[3] Ordinarily, an appeal properly lies from the entry of judgment, not from the order denying post-trial motions. ***See generally Johnston the Florist, Inc. v. TEDCO Constr. Corp.***, 657 A.2d 511 (Pa.Super. 1995) (*en banc*). Nevertheless, a final judgment entered during pendency of an appeal is sufficient to perfect appellate jurisdiction. ***Drum v. Shaull Equipment and Supply, Co.***, 787 A.2d 1050 (Pa.Super. 2001), *appeal denied*, 569 Pa. 693, 803 A.2d 735 (2002). Here, Appellants filed a notice of appeal prematurely on December 29, 2015, prior to the entry of judgment. Thus, Appellants' notice of appeal relates forward to January 22, 2016, the date judgment was entered and damages were assessed. ***See*** Pa.R.A.P. 905(a)(5) (stating notice of appeal filed after court's determination but before entry of appealable order shall be treated as filed after such entry and on date of entry). Hence, no jurisdictional defects impede our review.

(Appellants' Brief at 4) (internal footnote omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Spiros E. Angelos, we conclude Appellants' issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (**See** Trial Court Opinion, filed February 19, 2016, at 4-5) (finding: credible testimony of Devon Service's licensed appraiser and appraisal report supported determination that fair market value of MacDade property was $275,000.00; appraisal report considered condition and characteristics of property, comparable sales, uses to which property is adapted, neighborhood characteristics, rental income of comparable properties, and market demand; Appellants' proffered testimony and evidence regarding prior offer to purchase Collingdale and MacDade properties was not determinative of fair market value, particularly where offer to purchase was contingent on occurrence of certain events which were beyond Appellants' control, including sale of other properties and relocation of nearby library; further, potential buyer testified he was no longer interested in purchasing Collingdale and MacDade properties due to unavailability of another property which buyer sought to acquire along with Collingdale and MacDade properties). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/22/2016

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

DEVON SERVICE, LLC, successor by : No. 13-11554
assignment to CUSTOMERS BANK f/k/a :
NEW CENTURY BANK :
                                    :
                                    :
            vs.                     :
                                    :
DAVID HANLY, SR. and EVELYN HANLY   :


Phillip D. Berger, Esquire – Counsel for Appellee/Plaintiff
Jay M. Levin, Esquire – Counsel for Appellants/Defendants


ANGELOS, J.                              DATE:   February 19, 2016

## OPINION

Appellants/Defendants, David Hanly, Sr. and Evelyn Hanly, appeal from the December 3, 2015 Order fixing the fair market value of real property located at 829 McDade Boulevard, Collingdale, Pennsylvania ("the property") at two hundred seventy-five thousand dollars ($275,000.00) pursuant to 42 Pa.C.S.A. § 8103(c). The determination is supported by sufficient evidence and, therefore, the December 3, 2015 Order should not be disturbed.

## PROCEDURAL AND FACTUAL HISTORY

Appellee/Plaintiff, Devon Service, LLC, is the judgment creditor in the instant matter. *See*, Praecipe to Mark Judgment to the Use of Devon Service, LLC; Ex. P6. Appellants, the judgment debtors in the instant matter, owned the property, which was sold to Appellee in execution proceedings. *See*, Pet. to Fix Fair Market Value of Real Property Pursuant to 42 Pa.C.S.A. § 8103(a), Ex. B. Appellee filed their petition to fix fair market value of the property on October 23, 2015. Appellant filed a response to the petition on November 10, 2015 asserting

that the combined fair market value of the property and other real property sold in separate execution proceedings was seven hundred fifty thousand dollars ($750,000.00) pursuant to an offer Appellants had previously received for the two (2) properties. *See*, Defs.' Resp. to Pl.'s Pet. to Fix Fair Market Value of Real Property Pursuant to 42 Pa.C.S.A. § 8103(a), ¶ 10.

A hearing was held on November 30, 2015. Appellee offered the testimony and a May 2015 appraisal report of a licensed appraiser claiming that the fair market value of the property is two hundred seventy-five thousand dollars ($275,000.00). Ex. P1. Appellants offered testimony and evidence that in September 2014 and March 2015, Appellants received, but never executed, offers to buy the property and a separate property owned by them for a total of seven hundred fifty thousand dollars ($750,000.00). Joint Ex. 1; Ex. D1. After considering all evidence and testimony, the December 3, 2015 Order was entered fixing the fair market value of the property at two hundred seventy-five thousand dollars ($275,000.00). Appellants filed a motion for reconsideration on December 11, 2015, which was denied by Order dated December 22, 2105. Appellants filed a notice of appeal on December 29, 2015.[1]

## DISCUSSION

Pursuant to 42 Pa.C.S.A. § 8103(a), "[w]henever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court to fix the fair market value of the real property

---

[1] It should be noted that Appellants' representation that the December 3, 2015 Order had been reduced to judgment as of the filing of their notice of appeal is incorrect. Damages in accordance with the December 3, 2015 Order were neither assessed nor reduced to judgment until January 22, 2016 upon praecipe of Appellee.

2

sold." If the judgment debtor files an answer asserting that the fair market value of the property is more than that stated in the petition, the trial court must hear evidence and determine the fair market value. 42 Pa.C.S.A. § 8103(c)(4). The hearing on the petition is limited to issues raised in the judgment debtor's answer. Pa.R.C.P. 3285.

When reviewing an order fixing fair market value, an appellate court is limited to determining whether there is sufficient evidence to sustain the holding of the trial court, or whether the court committed reversible error of law. *Union Nat. Bank of Pittsburgh v. Crump*, 349 Pa. 339, 342, 37 A.2d 733, 734 (1944); *Bryn Mawr Trust Co. v. Healy*, 446 Pa. Super. 501, 505, 667 A.2d 719, 721 (1995). The record must be viewed in a light most favorable to the verdict winner. *Confederation Life Ins. Co. v. Morrisville Properties, L.P. & Site Dev., Inc.*, 715 A.2d 1147, 1154 (Pa. Super. Ct. 1998). Furthermore, it is the trial court that weighs the credibility of testimony and evidence concerning valuation, including the weight to be given to expert testimony. *Id.*; *Bryn Mawr Trust Co. v. Healy*, 446 Pa. Super. 501, 508, 667 A.2d 719, 723 (1995); *Mellon Bank (E.) Nat. Ass'n v. Pennsylvania Rest. of A.B.E., Inc.*, 364 Pa. Super. 567, 570, 528 A.2d 654, 655 (1987).

Fair market value has been determined to be "the price a purchaser, who is willing but not obligated to buy, would pay an owner, who is willing but not obligated to sell." *Bryn Mawr Trust Co. v. Healy*, 446 Pa. Super. 501, 508, 667 A.2d 719, 723 (1995). Stated differently, the trial court must consider the reasonable value "the judgment creditor can get out of the property in partial or complete recapture of the loan and interest on loan." *First Pennsylvania Bank, N.A. v. Peace Valley Lakeside Cmty. & Agr. Trust, Inc.*, 329 Pa. Super. 218, 222, 478 A.2d 42, 44 (1984). Factors that a court may consider when determining fair market value include recent sales of realty of comparable location and description, uses to which the realty is adapted and

3

might reasonably be applied, demand for the realty, income produced by it, and all elements which might affect its actual value. *Union Nat. Bank of Pittsburgh v. Crump*, 349 Pa. 339, 343, 37 A.2d 733, 735 (1944); *Confederation Life Ins. Co. v. Morrisville Properties, L.P. & Site Dev., Inc.*, 715 A.2d 1147, 1154 (Pa. Super. Ct. 1998). An offer to purchase property, while having some evidentiary value, is not conclusive of the fair market value. *Union Nat. Bank of Pittsburgh v. Crump*, 349 Pa. 339, 343, 37 A.2d 733, 735 (1944); *Mellon Bank (E.) Nat. Ass'n v. Pennsylvania Rest. of A.B.E., Inc.*, 364 Pa. Super. 567, 572-73, 528 A.2d 654, 655 (1987). Likewise, consideration of the "highest and best use" of the property is also not conclusive in determining fair market value in a deficiency judgment proceeding. *First Pennsylvania Bank, N.A. v. Peace Valley Lakeside Cmty. & Agr. Trust, Inc.*, 329 Pa. Super. 218, 225, 478 A.2d 42, 45 (1984) (noting that although such has become an element for consideration in condemnation cases, the factors listed by the Pennsylvania Supreme Court in *Union Nat. Bank of Pittsburgh v. Crump, supra*, remain the landmark authority in deficiency judgment proceedings).

In the instant matter, the fixed fair market value of two hundred seventy-five thousand dollars ($275,000.00) is sufficiently supported by the testimony and appraisal report of a licensed appraiser, which was found to be credible. That report took into consideration the condition and characteristics of the property, comparable sales, uses to which the property is adapted, neighborhood characteristics, rental income, rental income of comparable properties, and market demand. Ex. P1. The testimony and evidence offered by Appellants concerning some prior offer is not determinative of the property's fair market value, especially considering the offer was conditioned on the occurrence of several prerequisites outside of Appellants' control, including the sale of other properties and the relocation of a library. Furthermore, there was testimony that the buyer who made the offer was no longer interested in purchasing the property and that the

4

use of the property proposed by the buyer was no longer a viable option because of the unavailability of one of the other necessary properties. Therefore, the only testimony and evidence of the current fair market value of the property, the value that the judgment creditor can get for the property, was the testimony and appraisal report offered by Appellee.

For the foregoing reasons, the Order of December 3, 2015, 2015 should not be disturbed.


BY THE COURT:

SPIROS E. ANGELOS, J.

FILED JM

2006 FEB 19 PM 12: 32

OFFICE OF
JUDICIAL SUPPORT
DELAWARE CO. PA.

5