J-A17032-17

2017 PA Super 300

| | |
|---|---|
| DEVON SERVICE, LLC ASSIGNEE OF CUSTOMERS BANK F/K/A NEW CENTURY BANK,<br><br>Appellee<br><br>v.<br><br>S & T REALTY AND SAUL BARSH,<br><br>Appellants | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br>No. 3595 EDA 2016 |

Appeal from the Order Entered October 26, 2016
in the Court of Common Pleas of Chester County
Civil Division at No.: 2013-11998

BEFORE:  GANTMAN, P.J., RANSOM, J., and PLATT, J.[*]

OPINION BY PLATT, J.:                    **FILED SEPTEMBER 20, 2017**

Appellants, S & T Realty and Saul Barsh, appeal from the order fixing the fair market value of four foreclosed commercial properties and entering a decree in favor of plaintiff/Appellee, Devon Service, LLC, the judgment creditor by assignment.  Appellants claim chiefly that the trial court improperly used lower sales prices instead of their own appraiser's higher valuations, and together with other purported procedural mistakes, set the

_____

[*] Retired Senior Judge assigned to the Superior Court.

fair market value too low, erroneously depriving them of a net credit of $132,500 against the deficiency judgment they owe. We affirm.

We derive the facts from the trial court's opinion and our independent review of the certified record. Defendant/Appellant Saul Barsh is the sole owner of the other named Appellant, S & T Realty (S & T).[1] (*See* Trial Court Opinion, 10/26/16, at 1). Barsh, through S & T, owned four commercial properties subject to mortgages in favor of Customers Bank, Appellee's assignor/predecessor in interest.[2] Appellants ultimately defaulted.

On December 18, 2014, the trial court granted summary judgment in favor of Customers Bank, in the amount of $1,444,155.00. Customers Bank eventually assigned its interest to Appellee.[3] Appellee later bought the properties at a Sheriff's sale, on April 16, 2015.[4] Appellee then timely petitioned for a deficiency judgment.[5] The trial court held a hearing on June

---

[1] S & T was formerly owned by Barsh with his ex-wife, as general partners. Mrs. Barsh is not a party to this appeal.

[2] Specifically, 111 West Lancaster Avenue, 115 West Lancaster Avenue, 119 West Lancaster Avenue, and 66-68 West Lancaster Avenue, all in the Borough of Downingtown, Pennsylvania.

[3] It appears that Appellee is a wholly owned subsidiary of Customers Bank. (*See* N.T. Trial, 6/22/16, at 18).

[4] The parcels were eventually sold to third parties.

[5] Petitions to fix the fair market value and accompanying deficiency judgments are governed by Pa.R.C.P. 3281–3285.
*(Footnote Continued Next Page)*

- 2 -

22, 2016, and September 16, 2016.  Appellee's appraiser, Robert B. Rogers, determined the fair market value of the properties to be $1,030,000.00. Appellants' appraiser, Vincent D. Quinn, determined the properties to have a fair market value of $1,510,000.00.  In addition to providing written reports, both appraisers testified at the hearing.

After the hearings, the trial court issued its order, together with an explanatory opinion.  (*See* Order, and Decision, 10/26/16).  The trial court fixed the fair market value of the real estate at issue, net of credits, municipal liens, *etc.*, (which are not in dispute), to be $897,500.00.[6]  It also entered a deficiency judgment of $687,704.66.  (*See* Order*, supra*).

The trial court essentially accepted the valuation of Appellee's appraiser, Mr. Rogers (originally prepared for Customers Bank), over Appellants' valuation from Mr. Quinn.  Appellants did not file a motion for post-trial relief.  *See* Pa.R.C.P. 227.1.

Appellants timely appealed, on November 23, 2016.  The trial court issued an order on November 29, 2016 for a Rule 1925(b) statement of errors, due on December 20, 2016.  Although the docket confirms that the order was served on all counsel, neither Appellants nor appellate counsel responded, and both deny receipt.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

[6] The buildings at 111, 115, and 119 West Lancaster Avenue sold for an aggregate $457,500.00.  66-68 West Lancaster sold for $440,000.00.

On January 10, 2017, the trial court filed a Rule 1925(a) opinion, noting that Appellants had failed to file a Rule 1925(b) statement of errors. (*See* Rule 1925(a) Opinion, 1/10/17, at 1). It concluded that all appellate issues were automatically waived. The trial court also expressed its belief that the prior Order and Decision adequately explained the reasoning for its judgment. (*See id.* at 2).

Notably, Appellants and appellate counsel maintain that the trial court's opinion was their first notice that the court had ordered a Rule 1925(b) statement of errors. (*See* Sur-Reply of Appellants S & T Realty and Saul Barsh, at 1).

Appellants present three questions on appeal.

> I. Where the [trial] [c]ourt considered the appraisals of fair market value of the parties' expert appraisers and accepted and relied upon the [Appellee's] appraiser's opinion of $1,030,000, did it err as a matter of law, in only crediting [Appellant(s)] with the (lower) [sic] sales price and not fair market value?
>
> II. Did the [trial] [c]ourt err as a matter of law in failing to apply credit for the fair market value of the foreclosed properties as of the date of the Sheriff's Sale (April 16, 2015)?
>
> III. Did the [trial] [c]ourt err as a matter of law by miscalculating interest, both by using the incorrect credit for the sale of the foreclosed properties and by failing to credit the fair market value of the foreclosed properties as of the date of the Sheriff's Sale (April 16, 2015)?

(Appellant's Brief, at 4) (footnote omitted).

Appellants' claims challenge the application of the Deficiency Judgment Act. (*See id.* at 10, 15). In pertinent part, the Deficiency Judgment Act provides:

> Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court to fix the fair market value of the real property sold.

42 Pa.C.S.A. § 8103(a).

> The Deficiency Judgment Act applies whenever real property of the debtor has been sold in execution to the judgment creditor for a sum less than the amount of the judgment, interest and costs. Under the Deficiency Judgment Act, the creditor's judgment against the debtor is reduced by the fair market value of the property purchased by the creditor rather than by the actual sale price of the property. The objective of the Deficiency Judgment Act is to relieve a debtor from further personal liability to the judgment creditor when the real property taken by the judgment creditor on an execution has a fair market value on the date of sale sufficient so that the judgment creditor can dispose of the property to others without a further loss.

*Horbal v. Moxham Nat. Bank*, 697 A.2d 577, 581–82 (Pa. 1997), Opinion in Support of Affirmance (citations omitted).

When reviewing an order fixing fair market value, an appellate court is limited to determining whether there is sufficient evidence to sustain the holding of the trial court, or whether the court committed reversible error of law. *See Union Nat'l Bank of Pittsburgh v. Crump*, 37 A.2d 733, 734

(Pa. 1944); *see also Bryn Mawr Trust Co. v. Healy*, 667 A.2d 719, 721 (Pa. Super. 1995), *appeal denied*, 681 A.2d 1340 (Pa. 1996).

The record must be viewed in the light most favorable to the verdict winner. *See Confederation Life Ins. Co. v. Morrisville Properties, L.P. & Site Dev., Inc.*, 715 A.2d 1147, 1154 (Pa. Super. 1998). Furthermore, it is the role of the trial court to weigh the credibility of testimony and evidence concerning valuation, including the weight to be given to expert testimony. *See id.; Healy, supra* at 723 (citation omitted).

Fair market value has been determined to be "the price a purchaser, who is willing but not obligated to buy, would pay an owner, who is willing but not obligated to sell." *Healy, supra* at 723 (citation omitted).

Factors that a court may consider when determining fair market value include recent sales of realty of comparable location and description, uses to which the realty is adapted and might reasonably be applied, demand for the realty, income produced by it, and all elements which might affect its actual value. *See Crump, supra* at 735; *Confederation Life*, *supra* at 1154. An offer to purchase property, while having some evidentiary value, is not conclusive of the fair market value. *See Crump, supra* at 735.

> Many elements properly enter into the determination of fair market value. Among these are recent sales of real estate of comparable location and description[.] . . . Other factors of value include (1) the uses to which the property is adapted and might reasonably be applied[ ]; (2) the demand for the property and similar properties, taking into consideration economic conditions which depress market value in its true sense and detrimentally influence such demand[;] (3) the income produced

by the property, including rents, and (4) generally, all elements which affect the actual value of property and therefore influence its fair market value[.]

*Id.* (citations and internal quotation marks omitted).

"The judgment creditor must carry the burden to demonstrate its compliance with the Deficiency Judgment Act. The Act is to be liberally interpreted in aid of judgment debtors." ***First Fed. Sav. & Loan Ass'n of Carnegie v. Keisling***, 746 A.2d 1150, 1153–54 (Pa. Super. 2000), *appeal denied*, 759 A.2d 923 (Pa. 2000) (citations and internal quotation marks omitted).

Finally, insofar as the resolution of this appeal requires the interpretation and application of 42 Pa.C.S.A. § 8103, that statutory interpretation is a question of law, for which our standard of review is *de novo*, and our scope of review is plenary. ***See Nw. Sav. Bank v. Knapp***, 149 A.3d 95, 98 (Pa. Super. 2016).

Here, all of Appellants claims are waived for failure to present them first to the trial court. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal"). As previously noted, (***see supra*** at *2 n.5), petitions to fix the fair market value and accompanying deficiency judgments are governed by Pa.R.C.P. 3281–3285. Specifically, Pa.R.C.P. 3285 provides that a trial to fix fair value shall be conducted pursuant to Pa.R.C.P. 1038, Trial Without Jury. The general rules applying to petitions do not apply to petitions to fix fair market

value. *See* Pa.R.C.P. 3285, *Note*. Rule 1038 provides that for post-trial relief, a party must file a motion pursuant to Pa.R.C.P. 227.1. *See* Pa.R.C.P. 1038, **Note**. Post-trial motions must be filed within ten days after verdict. *See* Pa.R.C.P. 227.1(c)(1). Accordingly, to preserve issues for appeal, a timely post-trial motion must be filed. *See* Pa.R.C.P. 1038; *see also* Pa.R.C.P. 227.1. Appellants did not do so. "Grounds not specified by a party in post-trial motions pursuant to Rule 227.1 shall be deemed waived on appellate review."[7] *Chalkey v. Roush*, 569 Pa. 462, 467, 805 A.2d 491, 494 (2002) (citations and footnote omitted).

Accordingly, all of appellants' issues are waived.

Appellants also fail to specify where and how the questions for review were properly raised and preserved with the trial court. *See* Pa.R.A.P. 2117(c) ("**Statement of place of raising or preservation of issues.**"); *see also* Pa.R.A.P. 2119(e) ("**Statement of place of raising or preservation of issues**"). The claims are waived for these reasons as well.[8]

_____

[7] "The purpose for Rule 227.1 is to provide the trial court with an opportunity to correct errors in its ruling and avert the need for appellate review." *Chalkey*, *supra* at 494 n.9.

[8] Because all of Appellants' issues are already waived, we need not address whether they would also be waived for failure to provide a timely Rule 1925(b) statement of errors, as suggested by the trial court, and we decline to do so.

Moreover, they would not merit relief.

We address Appellants' claims together, because they are interrelated. All assert trial court error in the failure to credit fair market value. (**See** Appellants' Brief, at 4).

Under our standard of review, considering the record as a whole, viewed in the light most favorable to Appellee as the verdict winner, we conclude that trial court properly determined the deficiency judgment. Its order correctly reflects the applicable law. And it is supported by sufficient competent evidence.

All of Appellants' claims rely on the frequently repeated assertion that the trial court "only credit[ed]" the sales price, instead of the fair market value. (**Id.** at 4; **see also, e.g., id.** at 6, 9-11). This assumption is never referenced to the record, but presumably relies on the trial court's isolated allusion to the sales prices at ¶ 11 of its "Conclusions of Law." (**See** Trial Court Decision, 10/26/16, at 17).

Appellants' single-minded insistence that the trial court relied exclusively and improperly on the sales price data ignores the reality that comparable sales **are** one valid factor in the assessment of fair market value. **See Crump**, **supra** at 735. In fact, the hallmark of fair market value is "the price a purchaser, who is willing but not obligated to buy, would pay an owner, who is willing but not obligated to sell." **Healy**, **supra** at 723 (citation omitted).

Furthermore, it ignores the trial court's meticulous and comprehensive assessment of other factors addressed by the appraisers, including the general poor condition of the properties, bad rental history, uncooperative (non-paying) tenants, deferred maintenance, needed repairs, zoning and parking problems, the inability to sell the properties at higher listed prices, offers only well below the asking price, under-leasing, severe frozen sewer problems, a compromised roof ("leaking like a sieve"), and so forth. (Trial Ct. Decision, at 6; *see also id.* at 1-17).

Moreover, aside from the repetitive insistence that the trial court erroneously credited sales prices, Appellants fail to develop a meaningful argument that there was any irregularity in the process of purchase and resale.

To the contrary, the trial court found there was no evidence that the court-appointed receiver, Daniel McIntosh, a real estate agent accepted as an expert at the hearing, received any instructions to "dump the properties" (Trial Court Decision, at 4), "discount" them (*id.* at 6), or sell them for less than they were worth (*see id.*).

Similarly, the trial court accepted the testimony of Mr. Rogers that nobody told him to "lowball the appraisal," (*id.* at 9), and he did not do so. (*See id.*).

We view this record in the light most favorable to Appellee as the verdict winner. *See Confederation Life*, *supra* at 1154. We defer to the

trial court on findings of fact supported by the record, and on its assessment of expert testimony. *See id.; see also Healy, supra* at 723.

Accordingly, we conclude that under our standard of review there is sufficient evidence to sustain the holding of the trial court. The court committed no reversible error of law. Even if Appellants had not waived their issues, they would not be entitled to any relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 9/20/2017