J-S63020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| STEPHEN J. BYERS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERNEST E. LIGGETT AND MARILYN KOSTIK LIGGETT | |
| Appellants | No. 56 WDA 2017 |

Appeal from the Judgment Entered December 14, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD-09-013539

BEFORE: BOWES, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SOLANO, J.:                    **FILED DECEMBER 26, 2017**

Appellants Ernest E. Liggett and Marilyn Kostick Liggett appeal *pro se* from the December 14, 2016, order of the Court of Common Pleas of Allegheny County setting the fair market value of property sold at a sheriff's sale and entering a deficiency judgment. We affirm.

By our count, this is the seventh time this case has been before this Court on appeal. For the sixth appeal, this Court set forth the relevant facts and procedural history as follows:

> In the fall of 2006, the Liggetts obtained short-term loans from [Stephen] Byers, along with an agreement to purchase additional parcels of real property located in Brownsville, Fayette County for use in real estate development. When the Liggetts failed to repay the loans or purchase the additional property, the parties entered into a settlement agreement in the Court of Common Pleas of Fayette County that required the Liggetts to either pay Byers a specified sum of money within 45 days or have judgment entered against them. When the Liggetts did not

pay the money within the agreed upon timeframe, Byers entered judgment against them in Fayette County for $145,[5]00.00.[1]

In July 2009, Byers transferred the judgment to Allegheny County, and issued a Writ of Execution for the sale of personalty and realty located at 43 Brownstone Road, Pittsburgh, Pennsylvania 15235 [("the Property")]. Over the following years, the Liggetts filed various motions to stay or obviate the proceedings, all of which have been denied by the trial court and affirmed by this Court.

*Byers v. Liggett*, No. 361 WDA 2015, at 2-3 (Pa. Super., Apr. 29, 2016);

*see also* Docket from Fayette County Prothonotary for Civil Case No. 2007-01616.

On October 1, 2012, Ernest E. Liggett filed a "Suggestion of Bankruptcy" with the trial court, indicating that he had initiated bankruptcy proceedings and was subject to an automatic stay of legal proceedings against him pursuant to Section 362 of the Bankruptcy Code, 11 U.S.C. § 362. The stay was lifted on June 26, 2013. On November 1, 2013, Marilyn Kostick Liggett filed for bankruptcy and also claimed to be subject to an automatic stay. The record is unclear as to when the stay was lifted in Ms. Liggett's bankruptcy action, but the Liggetts do not allege that this appeal is affected by a stay.[2]

---

[1] The underlying judgment was entered by stipulation in 2008. *Byers v. Liggett*, No. 229 WDA 2012, at 3 (Pa. Super., Nov. 15, 2013).

[2] In Byers' petition for a deficiency judgment, he states that the Western District of Pennsylvania Bankruptcy Court ordered relief from the stay on February 7, 2014, but Byers' petition does not provide any citation for this date. Pet. to Fix Fair Market Value of Real Prop. Sold at Sheriff's Sale & for Deficiency J., 12/2/14, at 4 ¶ 12.

- 2 -

Ultimately, the Liggetts' Property was sold at a sheriff's sale, and Byers was the successful bidder. However, there was a delay in filing the deed due to a dispute over realty transfer taxes and the legal effect of pending appeals filed by the Liggetts. Once the pending appeals were resolved, the Liggetts moved to compel Byers to mark the judgment satisfied. Instead, on December 2, 2014, Byers petitioned to determine the fair market value of the Property so that he could then recover a deficiency judgment.

On February 5, 2015, the trial court declared the judgment satisfied because it believed Byers had waited more than six months after the sheriff's sale to petition for the deficiency judgment.[3] Byers appealed that decision, and we reversed, explaining that the six-month period did not commence until the sheriff's deed was delivered to Byers and that the trial court needed to have a hearing to determine that date. On remand, the trial court found that the deed was delivered to Byers on June 25, 2015. Therefore, Byers' earlier, December 2, 2014 petition to establish a deficiency

_____

[3] Section 5522(b) of the Judicial Code provides:

> The following actions and proceedings must be commenced within six months: . . .
>
> > (2) A petition for the establishment of a deficiency judgment following execution and delivery of the sheriff's deed for the property sold in connection with the execution proceedings referenced in the provisions of section 8103(a) (relating to deficiency judgments).

42 Pa. C.S. § 5522(b).

- 3 -

judgment was not filed later than permitted under the statute.

In response, the Liggetts then argued to the trial court that Byers' petition for a deficiency judgment was untimely because it was filed **too early**. They contended that the Deficiency Judgment Act required Byers to file his petition within six months **after** receiving the sheriff's deed, and not earlier. Liggetts' Br. in Opp'n to Byers' Dec. 2, 2014 Pet. to Fix Fair Market Value & for Deficiency J. and in Supp. of Liggetts' Mot. for Decl. Byers' J. is Satisfied, Released & Discharged, 7/25/16, at 8.

On August 4, 2016, Byers filed a supplement to his petition for a deficiency judgment and attached information regarding a complaint in mortgage foreclosure that had been filed against the Property. The foreclosure was on the first mortgage on the Property, and the amount due on the mortgage was $147,286.24. The Liggetts opposed Byers' filing of the supplement. Resp. in Opp'n to Byers' Pet. & Suppl. to Fix Fair Market Value & for Deficiency J. & New Matter, 12/9/16, at 1.

On December 13, 2016, the trial court held a hearing to determine the amount of the deficiency judgment. Byers was the sole witness at the hearing; the Liggetts presented no evidence regarding calculation of the deficiency judgment or the fair market value of the Property.

Byers testified that "the value of the judgment to date of the sale was $198,411." N.T., 12/13/16, at 11-12. He explained that he calculated this amount by beginning with the original judgment of $145,500, and then:

I took a judgment interest rate of 6 percent and applied that annually, so the following year the judgment and interest increased to $154,230. The beginning of year three would be another 6 percent, making it $163,483. And then we go to the end of year three, the beginning of year four, and you have another 6 percent, $173,292. And then to August 2012, which was the end of year four, beginning of year five, $183,690. And then November 4 of 2012, we received a distribution check from the liquidation of some properties of Mr. Liggett for $7,774.13. . . . Then I deduct[ed] that amount. And then for that year's interest, there are two calculations. There's one up to the date of the check then there's another one from the date of the check to the end of the year. And so there were two amounts calculated, which then added to the principal, the remaining came to $186,603. . . . [I]n 2013, there were several sheriff's sale efforts that resulted in costs. And they're added in as $1,616 and then another $1,600. And then that totaled the writ of execution that we were issued August 5, 2013, of $191,419.63. [He was required to pay for a writ of execution twice, paying $1,600 each time.] . . . Then, in August the sheriff added to the writ another amount of $1,616 and used that as part of the cost calculation in the writ. . . . [T]here's an additional interest of $5,375. And that becomes the total value of the judgment on the date of the sale of $198,411.06.

*Id.* at 12-14 (some formatting altered).

Byers also testified as to the fair market value of the Property, stating that he had "determined it to be, just following some public records, to be $215,000, and that was from a broker's price opinion that was filed by the mortgage company." N.T., 12/13/16, at 15. The broker's price opinion was dated December 20, 2012. *Id.* at 29. Byers explained that the Property had two mortgages — a first mortgage that "filed a foreclosure" that "had a value of $147,286.24," and a second mortgage for $25,399 plus an additional $500 in settlement costs. *Id.* at 17, 19. Byers clarified that in his first submission to the trial court in 2014, he listed the value of the first

mortgage at $105,999, based upon a bankruptcy petition filed by the Liggetts, but he later realized that this figure was merely the principal of the debt. *Id.* at 37.

By an order dated December 17, 2016, the trial court entered a deficiency judgment in the amount of $137,083.67. The court attached the following calculations to its decision:

| Judgment Amount 1/6/2014 | | | $198,411.06 |
|---|---|---|---|
| Less: | | | |
| | Home value | $236,500.00[4] | |
| | 2nd mortgage | (25,899.00) | |
| | 1st mortgage | (124,793.17)[5] | |
| | | 85,807.83 | ( 85,807.83) |
| | Judgment | | 112,603.23 |
| | | | |
| Interest 1/7/2014-1/7/2015 | | | 6,756.19 |
| Interest 1/7/2015-1/7/2016 | | | 6,756.19 |
| Interest 1/7/2[01]6-12/14/2016 | | | 6,330.46 |
| Transfer Cost | | | 4,637.60 |
| | | | $137,083.67 |

---

[4] The trial court said that it compensated for the difference between the $215,000 value of the Property as of the date of the broker's price opinion and the value of the Property as of the date of the sheriff's sale by adjusting the value upward to $236,500 to account for the fifteen months between the valuation and the sheriff sale. Trial Ct. Op., 3/10/17, at 6.

[5] The trial court stated that it determined this amount "by extrapolating from the [Liggetts'] 2012 bankruptcy and 2015 mortgage foreclosure proceedings," and provided the following calculation:

$ 82,804.94  Principal
  18,343.20  Interest 8/1/2011-1/16/2014
   1,091.93  Late charges
  22,553.10  Escrow Deficit
$124,793.17

Trial Ct. Op., 3/10/17, at 6-7.

Order, 12/14/16, "Calculations" (some formatting altered). The Liggetts did not file a post-trial motion contesting this amount.

On January 9, 2017, the Liggetts filed a timely notice of appeal, and their brief presents the following issues for our review:

> **Question 1:** Did the Trial Court err as a matter of law in its interpretation of the Deficiency Judgment Act 42 Pa.C.S.A. § 8103 and 42 Pa.C.S.A. § 5522(b)(2) for subject matter jurisdiction to procedurally address and issue an Order pursuant to the merits of issues presented in [Byers'] premature Petition To Fix Fair Market Value Of Real Property Sold At Sheriff's Sale And For Deficiency Judgment of December 2, 2014?
>
> **Question 2:** Did the Trial Court err as a matter of law by failing to grant [the Liggetts'] challenge of [Byers'] August 4, 2016 Supplement to Petition To Fix Fair Market Value Of Real Property Sold At Sheriff's Sale And For Deficiency Judgment as a legal "nullity" over which the Trial Court has no jurisdiction to procedurally address the merits of the issues presented therein?
>
> **Question 3:** Did the Trial Court err in determining the fair market value of [the Property]?

Liggetts' Brief at 1-2 (suggested answers omitted).

The Liggetts' issues all arise under the Deficiency Judgment Act, 42 Pa. C.S. § 8103. We summarized application of that statute in **Devon Serv., LLC v. S & T Realty**, 171 A.3d 287 (Pa. Super. 2017), as follows:

> The Deficiency Judgment Act applies whenever real property of the debtor has been sold in execution to the judgment creditor for a sum less than the amount of the judgment, interest and costs. Under the Deficiency Judgment Act, the creditor's judgment against the debtor is reduced by the fair market value of the property purchased by the creditor rather than by the actual sale price of the property. The objective of the Deficiency Judgment Act is to relieve a debtor from further personal liability to the judgment creditor when the real property taken by the judgment creditor on an execution has a fair market value on

- 7 -

the date of sale sufficient so that the judgment creditor can dispose of the property to others without a further loss.

*Id.* at 291 (quoting *Horbal v. Moxham Nat'l Bank*, 697 A.2d 577, 581-82 (Pa. 1997)).

The Liggetts' first issue asserts that Byers' petition for a deficiency judgment should have been dismissed with prejudice, because it was prematurely filed before the commencement of the six-month statute of limitations.[6] Their second issue is a variant of the first: they contend that, because Byers' petition was premature, it was a "nullity" and Byers should not have been permitted to supplement it with his August 4, 2016, filing providing mortgage information. The Liggetts' third issue presents various complaints about the way the deficiency judgment was calculated: that compound interest improperly was included in the judgment amount; that the Property was valued using a 2012 broker's price, rather than a price as of the date of the sheriff's sale; that Byers' evidence of the amount of the first mortgage also was as of an incorrect date[7]; and that the trial court erroneously calculated interest between the date of the sheriff's sale and the date of the deficiency judgment order.

_____

[6] The statute states that a deficiency judgment action "**must be commenced** within six months . . . following execution and delivery of the sheriff's deed." 42 Pa.C.S. § 5522(b)(2) (emphasis added). Thus, six months after delivery of the deed is the last possible date to file the petition. Here, although Byers prematurely filed his petition, he did not exceed the time required by Section 5522(b)(2).

[7] As the trial court explained, it did not blindly accept the figures presented by Byers on this issue, but instead did its own extrapolation. *See* Trial Ct. Op., 3/10/17, at 6-7.

We hold that all of these issues were waived by the Liggetts' failure to file post-trial motions. This Court recently addressed the requirement to file post-trial motions in a deficiency judgment case in **Devon**:

> [P]etitions to fix the fair market value and accompanying deficiency judgments are governed by Pa.R.C.P. 3281–3285. Specifically, Pa.R.C.P. 3285 provides that a trial to fix fair value shall be conducted pursuant to Pa.R.C.P. 1038, Trial Without Jury. The general rules applying to petitions do not apply to petitions to fix fair market value. **See** Pa.R.C.P. 3285, Note. Rule 1038 provides that for post-trial relief, a party must file a motion pursuant to Pa.R.C.P. 227.1. **See** Pa.R.C.P. 1038, Note. Post-trial motions must be filed within ten days after verdict. **See** Pa.R.C.P. 227.1(c)(1). Accordingly, **to preserve issues for appeal, a timely post-trial motion must be filed**. **See** Pa.R.C.P. 1038; **see also** Pa.R.C.P. 227.1. Appellants did not do so. "Grounds not specified by a party in post-trial motions pursuant to Rule 227.1 shall be deemed waived on appellate review." **Chalkey v. Roush**, 569 Pa. 462, 467, 805 A.2d 491, 494 (2002) (citations and footnote omitted).

171 A.3d at 292-93 (footnote omitted; emphasis added). Here, as in **Devon**, the Liggetts never filed a timely post-trial motion preserving their claims regarding the deficiency judgment. They thus waived all of those claims. **See** Pa.R.C.P. 227.1(c)(1), 1038; Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal"); **Devon**, 171 A.3d at 292-93. This includes the Liggetts' challenges to the date of Byers' filing, the judgment amount as of the date of the sheriff's sale, the use of the broker's price opinion, and the values of the first mortgage and the interest after the sheriff's sale.

Judgment affirmed.

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/26/2017