J-S19001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PROPERTY REHAB TRUST, L.L.C. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CLARKE STAR GROUP, LLC AND | : | No. 3552 EDA 2017 |
| PHILIP M. CLARKE | : | |

Appeal from the Order September 21, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  003512 October Term, 2008

BEFORE:   SHOGAN, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY SHOGAN, J.:                          **FILED MAY 01, 2018**

Property Rehab Trust, L.L.C. ("Property Rehab") appeals from the order denying its petition for correction of an April 14, 2010 order that fixed the fair market value of property in Philadelphia, Pennsylvania and established deficiency against Clarke Star Group, LLC ("Clarke Star"), but did not include Philip M. Clarke ("Mr. Clarke") as also liable for the deficiency.  Upon review, we vacate and remand.

The trial court provided the following factual and procedural summary:

> This mortgage foreclosure action was initiated by Complaint against [Clarke Star] only.  Clarke Star, as well as its co-borrower [Mr. Clarke], borrowed the sum of $53,249.79 from Brookview Rehab Funding, LLC ("Brookview") on or about October 13, 2006.  In connection with the loan and note, Clarke Star executed a mortgage on the property known as 2056 East Stella Street, Philadelphia, [Pennsylvania].

_____
*  Retired Senior Judge assigned to the Superior Court.

Subsequently, Clarke Star defaulted under the terms of the note and mortgage in failing to make timely payments due thereunder. Brookview assigned all rights with respect to the loan and note to Property Rehab. Thereafter, Property Rehab filed a Complaint against Clarke Star requesting judgment in its favor and foreclosure on the mortgaged property pursuant to the mortgage held by [Property Rehab]. Defendant Clarke Star failed to respond and judgment by default was entered solely against Defendant Clarke Star. Thereafter Property Rehab filed a Praecipe for Writ of Execution and the property was sold at sheriff's sale [on September 1, 2009, to Property Rehab].

On March [5], 2010, [Property Rehab] filed a Petition to Fix Fair Market Value and Establish Deficiency Judgment, which not only requested that fair market value be set and the deficiency be established against Defendant Clarke Star, but also requested that [Property Rehab] be permitted to proceed against "Respondent, [Mr. Clarke] for the deficiency [due] and owing." [The trial] court scheduled a hearing on April 14, 2010. [Mr. Clarke] failed to appear and the court accepted from [Property Rehab] a proposed Order, which the court entered that same date, which read as follows:

> IT IS FURTHER ORDERED that the amount of the deficiency due and owing in connection therewith is Twenty-Four Thousand Three Hundred Twenty-One and 50/100 ($24,321.50) Dollars as of September 1, 2009, with continuing interest thereon following that date; and

> IT IS FURTHER ORDERED that [Property Rehab] is permitted to proceed against Defendant for the deficiency due and owning."

Over seven years later, on August 30, 2017, [Property Rehab] filed a Petition Requesting Correction of the court's April 14, 2010 Order. [Property Rehab] alleged that because the Petition "clearly requested" an order establishing the deficiency judgment against both [Clarke Star] and [Mr. Clarke] and the Petition was "properly and timely served" on both entities, [Property Rehab] should be permitted to proceed against *both* entities for the deficiency due and owing. Throughout said Petition and Memorandum, [Property Rehab] refers to the court's wording

in the April 14, 2010 Order as a "clerical error" requiring correction.

Upon review, the court denied the Petition Requesting Correction of [its] April 14, 2010 Order by Order dated September 21, 2017. This appeal followed.

Trial Court Opinion, 12/8/17, at unnumbered 1–3 (emphasis in original).

Property Rehab and the trial court complied with Pa.R.A.P. 1925.

On appeal, Property Rehab presents the following issue:

Did the trial court err as a matter of law in denying Property Rehab's Petition requesting modification of the trial court's prior Order, particularly given Property Rehab's compliance with the Pennsylvania Deficiency Judgments Act, 42 Pa.C.S. Section 8103?

Property Rehab's Brief at 5. We note that neither Clarke Star nor Mr. Clarke has fled a responsive brief.

Property Rehab's issue arises under the Deficiency Judgment Act, 42 Pa. C.S. § 8103 ("the Act"), which provides, in relevant part, as follows:

**§ 8103 Deficiency Judgments**

**(a) General rule.**—Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court having jurisdiction to fix the fair market value of the real property sold. The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered. . . .

42 Pa.C.S. § 8103(a). The Act defines "judgment" as follows:

"Judgment." The judgment which was enforced by the execution proceedings referred to in subsection (a), whether that judgment is a judgment in personam such as a judgment requiring the

payment of money or a judgment de terris or in rem such as a judgment entered in an action of mortgage foreclosure . . . .

***Id.*** at (g). Furthermore, the Act defines "debtor" as follows:

"Debtor." A debtor, obligor, guarantor, surety and any other person liable directly or indirectly to a judgment creditor for the payment of a debt.

***Id.***

The Act was enacted in the 1940s to protect debtors after their property was foreclosed. The Act aimed to shield the mortgagor-debtor from the mortgagee who would purchase the mortgaged property for less than fair market value, usually for cost, and then reduce the debt only by the purchase price. ***PNC Bank, National Association v. Balsamo***, 634 A.2d 645 (Pa. Super. 1993).

We recently summarized application of the Act, as follows:

The Deficiency Judgment Act applies whenever real property of the debtor has been sold in execution to the judgment creditor for a sum less than the amount of the judgment, interest and costs. Under the Deficiency Judgment Act, the creditor's judgment against the debtor **is reduced by the fair market value of the property purchased by the creditor rather than by the actual sale price of the property**. The objective of the Deficiency Judgment Act is to relieve a debtor from further personal liability to the judgment creditor when the real property taken by the judgment creditor on an execution has a fair market value on the date of sale sufficient so that the judgment creditor can dispose of the property to others without a further loss.

***Devon Serv., LLC v. S & T Realty***, 171 A.3d 287, 291 (Pa. Super. 2017) (quoting ***Horbal v. Moxham Nat'l Bank***, 697 A.2d 577, 581–582 (Pa. 1997)) (emphasis supplied). The plain language of the Act requires that petitions to

fix fair market value be filed in the docket of a foreclosure action. ***Home Sav. & Loan Co. of Youngstown, Ohio v. Irongate Ventures, LLC***, 19 A.3d 1074, 1079–1080 (Pa. Super. 2011).

The scope of our review of deficiency judgment proceedings is limited to a determination of whether there is sufficient evidence to sustain the holding of the trial court, or whether the court committed reversible error of law. ***Devon Serv., LLC***, 171 A.3d at 291 (citations omitted). "[I]nsofar as the resolution of this appeal requires the interpretation and application of [Section] 8103, that statutory interpretation is a question of law, for which our standard of review is *de novo*, and our scope of review is plenary." ***Id.*** at 292.

In the case at hand, the trial court concluded that Section 8103(a):

provides judgment creditors the ability to petition the court to fix the fair market value of the real property sold as a supplementary proceeding in the matter in which the judgment was entered. However, [Property Rehab] does not constitute a judgment creditor of Mr. Clarke. According to 42 Pa.C.S. §8103(g), a judgment creditor is defined as "the holder of the judgment which was enforced by the execution proceedings." Here, [Property Rehab] has not obtained a judgment against Mr. Clarke, rather, [Property Rehab] obtained a judgment against Clarke Star, which was enforced by the execution proceedings.

* * *

In order to obtain a deficiency judgment against Mr. Clarke, [Property Rehab] should have named Mr. Clarke as a defendant in the underlying mortgage foreclosure Complaint and then listed him as a respondent in the Petition to Fix Fair Market Value and Establish Deficiency Judgment.

* * *

Here, [Property Rehab] has provided no justification as to why it is entitled, as a matter of law, to relief against Mr. Clarke. [Property Rehab] failed to name Mr. Clarke as a defendant in the underlying mortgage foreclosure Complaint pursuant to which judgment was granted, nor did [Property Rehab] amend the Complaint in order to add Mr. Clarke as a defendant. This was not a "clerical" error as alleged by [Property Rehab]. Seven years have elapsed since the entry of judgment, which found in favor of [Property Rehab] and against Clarke Star. [Property Rehab] took no action until now. Although [Property Rehab] frames the issue as adding Mr. Clarke simply in the deficiency complaint, it is in the underlying mortgage foreclosure action that [Property Rehab] chose to proceed against the corporate entity only. [Property Rehab] may have an action against [Mr. Clarke] on the Note, but [the] action [at hand] involves only the foreclosure, the judgment, and subsequent sale of the mortgaged property, pursued against the corporate entity only. Under these circumstances, the court found it could not grant [Property Rehab] the relief requested, to amend the mortgage foreclosure action to add the individual [Mr. Clarke] as a party post judgment and post sheriff sale. . . .

Trial Court Opinion, 12/8/17, at unnumbered 3–5. Upon review, we conclude that the trial court erred by misconstruing and misapplying the Act.

In resolving this matter, we consider the reasoning of ***Commonwealth Bank and Trust Co. v. Hemsley***, 577 A.2d 627 (Pa. Super. 1990), instructive. Therein, Mr. and Mrs. Hemsley (the "Hemsleys") borrowed $60,000 from Commonwealth Bank and Trust Co. ("the Bank"). As security for the loan, the Hemsleys pledged their residence and business property. Additionally, a third party, Lara Thomas ("Mrs. Thomas"), pledged her residence as security for the loan.

When the Hemsleys defaulted on their mortgage, the Bank filed a foreclosure action against them; it did not name Mrs. Thomas in that action.

Although the Hemsleys filed for bankruptcy, the bankruptcy court released one of the Hemsley properties subject to the mortgage agreement from the debtor estate, which the bankruptcy trustee sold; the proceeds were applied to the loan. The bankruptcy court then released the other Hemsley property to the Bank, which began marketing it for sale. In the meantime, the bank released its mortgage on Mrs. Thomas' property, so the property could be sold; the net proceeds of that sale were "placed in escrow to be distributed once the remaining Hemsley property was sold and the balance of the outstanding business loan determined." *Id.* at 629. Eventually, the Bank obtained a foreclosure judgment against the Hemsleys and bought their unsold property at sheriff's sale for $22,000.

The Bank did not file a petition under the Act to recover the deficiency owed on the loan. Accordingly, Mrs. Thomas filed a petition pursuant to Section 8103(d)[1] to have the foreclosure "judgment marked satisfied and the

_____

[1] 42 Pa.C.S. § 8103(d) provides:

> **(d) Action in absence of petition.**—If the judgment creditor shall fail to present a petition to fix the fair market value of the real property sold within the time after the sale of such real property provided by section 5522 (relating to six months limitation), the debtor, obligor, guarantor or any other person liable directly or indirectly to the judgment creditor for the payment of the debt, or any person interested in any real estate which would, except for the provisions of this section, be bound by the judgment, may file a petition, as a supplementary proceeding in the matter in which the judgment was entered, in the court having jurisdiction, setting forth the fact of sale, and

funds from the escrow account released to her." ***Hemsley***, 577 A.2d at 629. The trial court granted Mrs. Thomas relief because the Bank's "failure to pursue the deficiency owed on the loan in accordance with [the Act] resulted in the satisfaction of the Hemsley obligation to [the Bank]." ***Id.***

The question presented on appeal was whether a mortgagor against whom the mortgagee has not acquired a personal judgment may invoke the protections of the Act. ***Hemsley***, 577 A.2d at 628. Upon review of the statutory language, we agreed with the trial court that Mrs. Thomas was entitled to the protections of the Act. We explained the process as follows:

> There is no dispute that [the Bank], the judgment creditor herein, acquired the property owned by the Hemsleys at a sheriff's sale and that the price was not sufficient to satisfy the full amount of the foreclosure judgment. Consequently, [the Bank] could have petitioned the trial court to fix the fair market value of the property sold pursuant to section 8103(a) in an effort to collect the deficiency from [Mrs. Thomas].

***Id.*** at 630. We specifically rejected the Bank's argument that because Mrs. Thomas "was not named in the foreclosure judgment it acquired against the Hemsleys, she lacks the necessary standing to utilize the procedure provided in section 8103(d)." ***Id.***

---

> that no petition has been filed within the time limited by statute after the sale to fix the fair market value of the property sold, whereupon the court, after notice as prescribed by general rule, and being satisfied of such facts, shall direct the clerk to mark the judgment satisfied, released and discharged.

Viewing the evidence of record at hand in accordance with the established standard of review and construing Section 8103 of the Act consistently with **Hemsley**, we conclude that Property Rehab could seek relief against Mr. Clarke personally. The **Hemsley** Court acknowledged that a guarantor's status affords her standing to petition the court for relief under Section 8103(d), *i.e.*, in the event the judgment creditor did not file a timely petition to fix the fair market value. **Hemsley**, 577 A.2d at 630. Even more relevant to the case at hand, however, the **Hemsley** Court acknowledged that a judgment creditor may petition the trial court pursuant to Section 8103(a) in an effort to collect a deficiency foreclosure judgment from a guarantor, even where the creditor did not obtain a personal judgment against the guarantor.[2]

---

[2] We reiterate, "Mortgage foreclosure in Pennsylvania is strictly an *in rem* or '*de terris*' proceeding. Its purpose is solely to effect a judicial sale of the mortgaged property. The holder of a mortgage note can decide whether to file a foreclosure action or to file an *in personam* assumpsit action on the note, but the actions are not usually combined." **Nicholas v. Hofmann**, 158 A.3d 675, 696 (Pa. Super. 2017) (emphases in original; citations omitted). One exception to the typical procedure is where a lender petitions the court to fix fair market value of real property following sale in a mortgage foreclosure execution proceeding, as mandated by the Act. **Id.** at n.34 (citing **Home Sav. & Loan Co.**, 19 A.3d at 1079).

With these principles in mind, our review of the record reveals facts not included in the trial court's analysis that favor consideration of Mr. Clarke as a judgment debtor of Property Rehab. Specifically, Mr. Clarke is an obligor on the note attached to Property Rehab's mortgage from Clarke Star. Petition to Fix Fair Market Value and Establish Deficiency, 3/5/17, at ¶¶ 3, 4. When Clarke Star and Mr. Clarke failed to make payments, Property Rehab filed two lawsuits: (1) a mortgage foreclosure action for an *in rem* judgment against Clarke Star on October 28, 2008, at Civil Action No. 003512 October Term

*Id.* In other words, both a mortgagor/judgment debtor and a mortgagee/judgment creditor may use the Act to protect their interests. In doing so, the judgment creditor or the judgment debtor **must** file their petition in a proceeding supplementary to the foreclosure action. *Home Sav. & Loan Co.*, 19 A.3d at 1080.

Like the judgment creditor in *Hemsley*, Property Rehab filed a foreclosure action against the mortgagor Clarke Star and obtained a judgment. Property Rehab did not name the guarantor, Mr. Clarke, in the foreclosure action. Property Rehab obtained the real property owned by Clarke Star at a sheriff's sale, but the price paid was not sufficient to satisfy the entire foreclosure judgment against Clarke Star. Unlike the judgment creditor in *Hemsley*, Property Rehab filed a separate action and obtained a personal judgment against Mr. Clarke, thereby making him a judgment debtor of Property Rehab. Property Rehab then sought to collect the deficiency from Clarke Star and Mr. Clarke by filing a timely petition as a supplementary proceeding to the foreclosure action. *Accord Home Sav. & Loan Co.*, 19 A.3d at 1080 ("When read together, sections 8103(a) and 8103(g) of the [Act] now mandate that the petition to fix fair market value "shall" be filed as a

---

2008, **and** (2) an action on the underlying promissory note for an *in personam* judgment against Mr. Clarke on October 27, 2008, at Civil Action No. 003243 October Term 2008. *Id.* at ¶ 5. Like Clarke Star, Mr. Clarke did not file a responsive pleading; therefore, default judgments were entered against Clarke Star **and** Mr. Clarke on January 20, 2009. *Id.* at ¶ 6.

supplementary proceeding in the matter in which the real property was sold to the judgment creditor in execution proceedings (i.e. in the foreclosure action).").

Applying **Hemsley** to a judgment creditor's petition for relief under the Act, we conclude that even though the foreclosure judgment obtained against Clarke Star did not name Mr. Clarke, he remained liable on the note he co-signed for the full amount of the mortgage received from Clarke Star. **Hemsley**, 577 A.2d at 630. If Property Rehab had not complied with the Act by filing a timely petition to fix fair market value, Mr. Clarke—like Mrs. Thomas—would have had standing to petition the court for relief under Section 8103(d) of the Act. **Id.** However, Property Rehab did comply with the Act by filing a timely valuation/deficiency petition in a supplementary proceeding to the foreclosure matter, naming Mr. Clarke therein and serving him with notice pursuant to Section 8103. Therefore, despite the overlooked omission of Mr. Clarke's name from the deficiency judgment order furnished by Property Rehab for the trial court's signature, Mr. Clarke was liable to Property Rehab for payment of the deficiency. Accordingly, we vacate the order denying Property Rehab's request for correction of the deficiency judgment order and remand for correction of the deficiency judgment order to include Mr. Clarke.

Order vacated, and case remanded with instructions. Jurisdiction relinquished.

Judge Platt joins the Memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/1/18