J-A02038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| THE CADLE COMPANY, AS ASSIGNEE OF SDO FUND II D32, LLC | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : : | |
| 417 LACKAWANNA AVENUE, LLC | : : | |
| Appellant | : : | No. 850 MDA 2023 |

Appeal from the Judgment Entered June 9, 2023
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s):  2017-02246

BEFORE:  NICHOLS, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED: AUGUST 7, 2024**

417 Lackawanna Avenue, LLC ("417 Lackawanna") appeals from the judgment entered in favor of The Cadle Company, as assignee of SDO Fund II D32, LLC ("Cadle"), following a trial to fix the fair market value of a property. We affirm.

The facts and procedural history of this appeal involve 417 Lackawanna's default on a mortgage and foreclosure proceedings on a commercial property in Scranton ("the subject property").[1] Cadle eventually

---

[1] According to the pleadings, PNC Bank issued the original mortgage on the subject property. PNC Bank assigned the mortgage to SDO Fund II D32, LLC, who initiated a foreclosure action, obtained the judgment in foreclosure, and filed the underlying petition to fix fair market value. SDO Fund II D32, LLC thereafter assigned the judgment to Cadle before the trial in this matter. 417 Lackawanna has not challenged the chain of these assignments, and, for ease of reference, we refer to "Cadle" hereinafter as including its predecessors-in-interest.

obtained a judgment against 417 Lackawanna for $5.3 million, and the subject property sold at a sheriff's sale for $175,000 in 2018.

In 2019, Cadle filed the instant petition, pursuant to the Deficiency Judgment Act,[2] to fix the fair market value of the subject property at $3.05 million, and 417 Lackawanna answered. At the non-jury trial, Cadle presented an expert witness, Robert Kaltman ("Mr. Kaltman"), who opined that the fair market value of the property at the time of the sheriff sale was $3.05 million. *See* N.T., 11/30/22, at 11. 417 Lackawanna cross-examined Mr. Kaltman and challenged his comparisons of the sales prices of comparable sites ("comparables") to the subject property. *See id*. at 21-24. 417 Lackawanna criticized Mr. Kaltman's failure to consider the sale price of a building in Scranton ("the Mount Pleasant site"), confronted him with evidence that the Mount Pleasant site had sold for over $6 million in 2018, and elicited testimony that he believed, but was not certain, that the Mount Pleasant site had medical purposes, which would have increased its sales price. *See id*. at 26-27, 31, 44-45. 417 Lackawanna also highlighted that the county tax assessment of subject property was over $5 million, which Mr. Kaltman explained was an over-assessment. *See id*. at 31-32, 43.

In its case-in-chief, 417 Lackawanna presented testimony from one of its founding members, Gerald Donahue ("Mr. Donahue"), that he purchased the property in 2008 for $5.5 million. *See id*. at 48. Mr. Donahue also

---

[2] *See* 42 Pa.C.S.A. § 8103.

asserted that the subject property had more rentable space than Mr. Kaltman used in his appraisal. ***See id***. at 47. 417 Lackawanna did not present an expert witness, but it argued that the fair market value of the subject property was far greater than Mr. Kaltman's appraisal. ***See id***. at 57.

The trial court concluded the hearing and permitted the parties to file post-hearing briefs. ***See id***. at 60. 417 Lackawanna filed proposed findings of fact and conclusions of law asserting that Cadle failed to carry its burden of establishing the fair value of the subject property because Mr. Kaltman's testimony was not credible. ***See*** 417 Lackawanna's Proposed Findings of Fact and Conclusions of Law, 1/13/23, at 5-6 (unpaginated). Cadle filed a post-hearing memorandum that attached and referred to evidence not presented at trial, specifically, a document indicating that the subject property had sold for $2.85 million in 2020 ("Exhibit C"), only $200,000 less than Mr. Kaltman's appraisal of the subject property. ***See*** Cadle's Post-Trial Memorandum, 1/19/23, at 3 and Exhibit C.[3] Cadle asserted that the exhibit confirmed the accuracy and reliability of Mr. Kaltman's expert opinion. ***See id***. at 3-4.

417 Lackawanna moved to strike the new evidence, but the trial court thereafter entered a decision stating that it (1) reopened the record and took

---

[3] Cadle's post-hearing memorandum also referred to and attached information that the Mount Pleasant site had medical uses ("Exhibit D"). ***See*** Cadle's Post-Trial Memorandum, 1/19/23, at 3-4 and Exhibits D. The trial court stated that it was not considering Exhibit D. ***See*** Non-Jury Decision, 2/14/23, at 6 n.3. 417 Lackawanna does not directly challenge Cadle's attachment and reference to Exhibit D but asserts that "it [was] questionable whether Mr. Kaltman correctly classified the Mount Pleasant site as 'medical' . . .." ***See*** 417 Lackawanna's Brief at 20-21.

judicial notice of Exhibit C, and (2) found Exhibit C bolstered the accuracy of Mr. Kaltman's valuation of the subject property *See* Non-Jury Decision, 2/14/23, at 8-10. The court adopted Mr. Kaltman's opinion to fix the fair market value of the subject property at $3.05 million. *See id*. at 10.

417 Lackawanna filed post-trial motions for a new trial, asserting that the trial court erred in reopening the record and considering Exhibit C. *See* Post-Trial Motions, 2/22/23, at ¶¶ 9-18, 31. The court heard oral arguments on the post-trial motions, after which it issued a memorandum and order that struck those portions of its prior decision discussing Exhibit C but declined to hold a new trial. *See* Order and Memorandum, 5/11/23, at 4-5. The court maintained that the fair market value of the subject property was $3.05 million. *See id*. at 8. 417 Lackawanna praeciped for the entry of judgment, and this timely appeal followed. Both 417 Lackawanna and the trial court have complied with Pa.R.A.P. 1925.

417 Lackawanna raises the following issue for review:

Did the trial court err as a matter of law or abuse its discretion in refusing to vacate the verdict of February 14, 2023 and grant a new trial or reopen the record, where the trial court misapplied the Deficiency Judgment Act and corresponding rules of civil procedure, when it improperly reopened the record, *sua sponte*, and considered the post-trial evidence of [Cadle] that improperly bolstered the testimony of [Cadle's] expert witness, each of which deprived [417 Lackawanna] of the opportunity to respond and was prejudicial . . . ?

417 Lackawanna's Brief at 4 (italics added).

The following standards govern our review:

- 4 -

> When reviewing an order fixing fair market value, an appellate court is limited to determining whether there is sufficient evidence to sustain the holding of the trial court, or whether the court committed reversible error of law.
>
> The record must be viewed in the light most favorable to the verdict winner. Furthermore, it is the role of the trial court to weigh the credibility of testimony and evidence concerning valuation, including the weight to be given to expert testimony.

*Devon Serv., LLC v. S & T Realty*, 171 A.3d 287, 291-92 (Pa. Super. 2017) (internal citations omitted).

The trial court has authority and discretion to make preliminary evidentiary rulings, control the order and mode of presenting evidence, and, if it deems necessary, reopen the record *sua sponte*. **See Commonwealth v. Safka**, 141 A.3d 1239, 1249 (Pa. 2016); **see also** Pa.R.E. 104(a); 611(a). To constitute reversible error meriting a new trial, the ruling must be erroneous **and** prejudicial. **See Crespo v. Hughes**, 167 A.3d 168, 181 (Pa. Super. 2017).

> Consideration of all new trial claims is grounded firmly in the harmless error doctrine which underlies every decision to grant or deny a new trial. A new trial is not warranted merely because some irregularity occurred . . . or another trial judge would have ruled differently; the moving party must demonstrate to the trial court that he or she has suffered prejudice from the mistake.

*Id*. at 180 (internal citation, quotation marks, and brackets omitted); **see also Interest of J.M.G.**, 229 A.3d 571, 580 (Pa. 2020) (noting that an appellate court must first consider whether a mistake occurred, and if so, determine whether the trial court abused its discretion in ruling on the request for a new trial). As this Court has stated:

[A]n abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will. A finding by an appellate court that it would have reached a different result than the trial court does not constitute a finding of an abuse of discretion.

*Crespo*, 167 A.3d at 181 (internal citation and brackets omitted).

417 Lackawanna claims the trial court erred in reopening the record *sua sponte* and taking judicial notice of Exhibit C. *See* 417 Lackawanna's Brief at 15-17. 417 Lackawanna contends that Exhibit C improperly proved facts and bolstered Mr. Kaltman's valuation of the subject property. *See id*. at 9. 417 Lackawanna claims the trial court's decision to consider the exhibit had a "drastic and prejudicial effect" by violating its right to be heard, skewing the trial court's credibility determinations, and rendering it impossible for the court to independently assess the proper evidence presented at trial and render and unbiased determination of the subject property's fair market value. *Id*. at 12. 417 Lackawanna summarizes its arguments for why the trial court should not have credited Kaltman's valuation including: (1) the geographical, and marketplace, differences in his comparables, (2) his failure to consider the sale price of the Mount Pleasant site as a comparable, and (3) the accuracy of his projected rental rates for the subject property. *See id*. 18-19. 417 Lackawanna further asserts that neither Mr. Donahue nor Mr. Kaltman brought documentation to support the testimony, but the trial court unfairly held Mr. Donahue to a higher standard of credibility by rejecting his testimony as unsupported, while crediting Mr. Kaltman's opinion. *See id*. at 19. 417 Lackawanna concludes that trial court could not undo its error when

considering the exhibit by retrospectively stating that the exhibit did not affect its consideration of the properly admitted evidence. *See id*. at 24-25.

The trial court addressed this issue, conceded its error in reopening the record and taking judicial notice of Exhibit C, but concluded that the mistake did not warrant a new trial:

> [I]n retrospect, consideration of the subsequent sale price occurred after the trial record was closed and through judicial notice. The receipt of this evidence in this manner did not provide a full and fair opportunity for [417 Lackawanna] to be heard. Under these circumstances, where the [c]ourt believes that evidence of the subsequent sale price should simply have been excluded, a modification of [its prior] decision is warranted, but not a new trial.
>
> * * * *
>
> The only relevant, credible evidence in this case is the appraisal of Mr. Kaltman. 417 Lackawanna failed to discredit Mr. Kaltman's testimony through cross-examination or through the testimony of Mr. Donahue. The grounds for the non-jury decision valuing the fair market value of the property at [$3.05 million] stand on their own even without reference to the subsequent sale price. Put another way, if this [c]ourt denied [Cadle's] request to take judicial notice of the subsequent sale price in the first instance, this [c]ourt would have still determined the same value of the property based on the only expert opinion in this case. [417 Lackawanna] has not sustained the prejudice that would warrant a new trial.

Memorandum and Order, 5/11/23, at 4-5.

Following our review, we conclude that the trial court did not abuse its discretion in declining to hold a new trial. As the trial court noted, Cadle presented the only  expert evidence at trial, and 417 Lackawanna attempted to attack the reliability of Mr. Kaltman's $3.05 million appraisal through cross-examination and fact-testimony by Mr. Donahue. 417 Lackawanna did not

present an opposing expert to offer a counter-appraisal or rebut Mr. Kaltman's conclusions or methodology. The trial court, following its decision to reopen the record and take judicial notice of Exhibit C, noted its error, set forth the appropriate standards for reviewing 417 Lackawanna's request for a new trial, and detailed its findings absent its improper consideration of the evidence. *See* Memorandum and Order, 5/11/23, at 4-5. We discern no basis upon which to conclude the court's decision to deny a new trial was manifestly unreasonable or reflected bias. *Cf*. *Crespo*, 167 A.3d at 181. Moreover, even if the erroneously considered exhibit tended to blunt the force of 417 Lackawanna's cross-examination and bolster Mr. Kaltman's opinion, we discern no basis to conclude that the harm was so significant that the trial court would not have credited Mr. Kaltman's expert appraisal as a reasonable valuation of the fair market value of the subject property. Thus, no relief is due.

Judgment affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/07/2024